In the Matter of THOMAS A. DI NATALE, as President of CSEA Division of Housing and Community Renewal, Local 258, et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v VICTOR MARRERO, as Commissioner of the Division of Housing and Community Renewal, et al., Appellants.—Appeal from a judgment of the Supreme Court at Trial Term, entered July 31, 1979 in Albany County, which granted the petitioners' application, in a proceeding pursuant to CPLR article 78, to compel certain positions in the Division of Housing and Community Renewal to be placed in the competitive class of civil service. Shortly after his appointment as Commissioner of the Division of Housing and Community Renewal, the respondent Marrero reorganized the division and proposed to the Civil Service Commission that three positions be established with exempt classification. These positions were (A) Chief Co-ordinator of Neighborhood Services; (B) Chief Co-ordinator for Policy and Program Analysis;

and (C) Chief Co-ordinator for Development. The technical advisors of the Civil Service Commission recommended a competitive classification for all three co-ordinators. Upon learning that such was to be the recommended classification, respondent Marrero requested and was afforded the opportunity to appear before the Civil Service Commission on April 11, 1978, where he orally urged the acceptance of his recommendation of exempt classification for all of the co-ordinators. Based on this presentation and the applications describing the duties of each co-ordinator that had been submitted, the commission tentatively established the positions as exempt, a determination that was finalized in July, 1978. Respondents Oster, Lauer and Brody were appointed the co-ordinators. The petitioners, all competitive class civil service employees in the division, commenced this CPLR article 78 proceeding to compel the respondents to hold an immediate competitive examination for each position and to restrain the appointment of respondents Oster, Lauer and Brody. On November 13, 1978, Special Term properly ordered the proceeding transferred to the Trial Term of Albany County Supreme Court for a trial, *de novo,* to test whether the determination made by the respondent commissioners, placing the positions in the exempt class, was arbitrary and capricious and without a rational basis *(Matter of Grossman v Rankin,* 43 NY2d 493), as the proceedings before the Civil Service Commission were informal and had not been recorded. Following trial on May 11, 1979, Trial Term granted the petitioners the relief sought and determined that the decision of the Civil Service Commission lacked a rational basis and was in contravention of section 6 of article V of the New York State Constitution and section 41 of the Civil Service Law; that the present co-ordinators should be removed because of ineligibility; and that a competitive examination should be held immediately to establish an eligibility list for such positions. Inasmuch as the evidence revealed that the duties of Chief Co-ordinator of Neighborhood Services were previously performed by competitive personnel and that such duties are similar to those performed by Special Services Co-ordinator, which is a competitive position, and that Commissioner Marrero had demonstrated no highly confidential aspects to such position. Trial Term properly determined that the position should be classified competitive and that the determination of the Civil Service Commission to the contrary lacked a rational basis. Similarly, Special Term correctly held that the duties of Chief Co-ordinator for Development were comparable to duties performed by competitive personnel and that the appraisals and approvals of proposed sites and approvals from various governmental agencies do not require such position to be exempt, as there are no elements of high confidentiality that attend such duties. As to the position of Chief Co-ordinator for Policy and Program Analysis, a different situation pertains. There was no showing that such duties were being performed by competitive personnel. The duties of this position involve the attendance at meetings of the Tri-State Regional Planning Commission, and the attendance at such meetings would involve the direct representation of Commissioner Marrero; and this co-ordinator would be required to vote for the commissioner's position on the issues that came before this planning commission. There appears to be a need, therefore, for a close confidentiality between the respondent commissioner and this co-ordinator. The Civil Service Commission's determination that such position should be exempt does not lack a rational basis, and the determination of Trial Term to the contrary in this regard must be reversed. Judgment modified, on the law and the facts, by reversing so much thereof as held that the Civil Service Commission acted without a rational basis in classifying the position of

Chief Co-ordinator for Policy and Program Analysis as exempt, required the dismissal of the respondent Oster from that position and directed that a competitive examination be held for that position, and, as so modified, affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.