■ In the Matter of ROY M. LORROW et al., Individually and On Behalf of All Others Similarly Situated, Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered June 12, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Civil Service Commission approving a noncompetitive classification for certain seasonal positions within the New York State Department of Transportation. Between 1976 and 1979, respondent New York State Department of Transportation (department) utilized the titles of engineering aide, engineering technician and senior engineering technician to appoint persons for seasonal employment inspecting the work of contractors. These positions were in the competitive class, and approximately 268 persons were so employed. Following the 1979

construction season, however, the department informed the New York State Department of Civil Service that filling such seasonal positions by means of eligible lists from competitive examinations was unduly time consuming, often resulting in long delays before positions were filled. Accordingly, the department requested that these seasonal positions be classified as noncompetitive. Finding that competitive examination was not practicable, the New York State Civil Service Commission (commission) granted the department's request, approving a noncompetitive classification for the positions of transportation inspector I, II and III. This determination was subsequently approved by the Governor on November 10, 1980. Petitioners then commenced this proceeding seeking to annul the commission's determination. It is petitioners' contention that classifying the transportation inspector series in the noncompetitive class was contrary to the requirements of the Civil Service Law and New York State Constitution. Special Term found that the commission's determination was supported by a rational basis, and accordingly dismissed the petition. This appeal ensued. The decisive issue in this proceeding is whether the commission properly found that it was not practicable to fill the positions in question by competitive examination. In this regard, the New York State Constitution provides that: "[a]ppointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, *as far as practicable,* by examination which, *as far as practicable,* shall be competitive". (NY Const art V, § 6; emphasis added; see, also, Civil Service Law, § 41, subd 1, par [e]). This being the case, the courts have recognized that there are many positions for which competitive examinations are not practicable (see *Matter of Grossman v Rankin,* 43 NY2d 493, 504). In considering the issue raised herein, we note that our scope of review is limited. Specifically, "[t]he question of classification is for the commission, and the court should not interfere with its judgment in situations where an argument can be made for either classification" (*id.,* at pp 505-506). In this case, there is considerable evidence that the department's need for a temporary and seasonal work force, which could be readily expanded or contracted to meet the changing needs at projects throughout the State, could not practicably be filled from competitive eligible lists. Consequently, the commission's determination rests on a rational basis and was properly confirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.