OPINION OF THE COURT
Sol R. Dunkin, J.
In this action to declare chapter 846 of the Laws of 1980 in violation of section 6 of article V of the New York State Constitution and for additional coercive relief, plaintiffs move for summary judgment. Intervenors-defendants Mallamo et al. cross-move to amend their answer. Plaintiffs in three consolidated Federal court actions related to the action herein cross-move for permission to submit an amicus curiae brief.
The facts leading up to this action are as follows: In 1976, the Unified Court Budget Act (Judiciary Law, § 39 [formerly § 220, as added by L 1976, ch 966]) was passed. It provided for the State takeover of court functions previously performed by the political subdivisions of the State and the transference of all employees previously on the payroll of the subdivisions to thé State payroll. It further directed the Chief Administrative Judge of the Courts of the State of New York to prepare a uniform classification structure for all nonjudicial court officers and court employees. The structure was ultimately adopted in May of 1979 and was effective retroactively to April of 1977.
As a result of the restructuring of the court system few, if any, examinations for employment were given between 1976 and 1979. During that period, a large number of provisional appointments were made, most of them to positions which were ultimately determined to be competitive. In adopting chapter 846, the Legislature determined that since “in the tenth judicial district [encompassing Nassau and Suffolk Counties] more than forty percent of positions classified in the competitive class [were] provisionally filled * * * that there [would be] a severe danger that a disruption of court services [would] occur * * * *3 [and] that the vast majority of present incumbents by their training and experience in their positions have acquired invaluable expert knowledge and skill in the performance of [their] duties * * * it is essential that means be provided to continue as permanent appointees qualified incumbents serving provisionally in positions in such district.” (§ 1.) Thus, the Legislature “granted permanent competitive class status, without probationary period or further examination” to these provisional employees “if they have been employed in or performed the duties of such position for one year prior to the effective date hereof.” (§ 2.) Plaintiffs thereafter commenced this action for a declaration that chapter 846 of the Laws of 1980 contravenes section 6 of article V of the New York State Constitution.
In support of their motion for summary judgment, plaintiffs argue that section 6 of article V prohibits permanent civil service employment without the passing of a competitive civil service examination, that the 40% figure advanced by the Legislature as justification for chapter 846 was no longer accurate in 1980 since many examinations had just been completed or were scheduled, that eligible lists were to some extent in existence and that if the law is found to be constitutional defendants could forever ignore the dictates of the State Constitution. Defendants contend that the State Constitution confers discretionary power in the Legislature to deal with exceptional circumstances, that the existence of exams and/or eligibility lists is not probative on the issue of constitutionality and that a presumption of legality attends a legislative enactment.
The provision of the Constitution of the State of New York said to be contravened by chapter 846 is section 6 of article V which provides in relevant part that “[appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examinations which, as far as practicable, shall be competitive”. The disagreement between the parties to this action concerns the construction of the phrase “as far as practicable”. Plaintiffs advance the interpretation that the phrase requires all positions in the civil service to be filled by competitive examinations *4 unless it is impracticable to design such an examination, that is, where a written examination cannot test for “merit and fitness”. Defendants argue that the phrase cannot be construed so narrowly. They adopt the construction that the use of a competitive examination, while clearly the favorite and preferred method of providing for civil service employment, is not the exclusive method to test a person’s qualifications but may be modified in the presence of some exceptional circumstances. Thus, to sustain chapter 846 as constitutional, it must be held that the Legislature has the power to determine that it is not practicable on the facts herein to determine merit and fitness by competitive examination.
At the outset, the court notes that “[a] legislative enactment carries with it a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature * * * This presumption, however, is not irrebuttable * * * and courts may scrutinize the basis of legislative enactments predicated upon the existence of a particular state of facts * * * but they may not be concerned with questions as to the ‘reasonableness, wisdom and propriety’ * * * expediency * * * or ‘desirability’ thereof * * * and ‘[w]here the question of what the facts establish is a fairly-debatable one, we accept and carry into effect the opinion of the legislature’ * * * Nor may courts substitute their judgment for that of the Legislature so long as there can be discovered ‘any state of facts either known or which could reasonably be assumed’ to afford support for the legislative decision to act”. (.Lincoln Bldg. Assoc. v Barr, 1 NY2d 413, 415; Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y., 46 NY2d 358.) The presumption of constitutionality has not been rebutted by plaintiffs herein.
Clearly, the purpose of the civil service statute and the Constitution is to improve the civil service by securing employees of demonstrated merit and ability determined, if practicable, by competitive examination. (Matter of Altman v Lang, 44 Misc 2d 751, affd 23 AD2d 820, affd 17 NY2d 464.) It cannot be said, however, that the legislative enactment of chapter 846 was designed to evade the constitutional prescription. The Legislature determined that se *5 vere disruption of the court system would result from the replacement of 40% of the employees in the competitive class. Plaintiffs have not rebutted the 40% figure as of the time chapter 846 was enacted except to state that it would not be accurate henceforth since examinations were recently completed or scheduled. Thus, the Legislature reasonably and constitutionally determined that competitive examinations for these provisional employees would be impracticable.
Plaintiffs’ argument that defendants could forever ignore the State Constitution if this law is found to be constitutional is without merit. While the court has determined herein that the Legislature has the discretion to determine the limits of the practicable, it is not an uncontrolled discretion but one always subject to the supervision of the courts. (Barlow v Berry, 245 NY 500.)
The motion for leave to submit an amicus curiae brief is granted. The court has received the brief and has given it due consideration.
The motion by the intervenors-defendants Mallamo et al. for leave to amend their answer is granted. In granting this motion, the court makes no determination as to its merits. (CPLR 3025, subd [b].)
Accordingly, defendants are granted summary judgment. (CPLR 3212, subd [b].) Chapter 846 of the Laws of 1980 is hereby declared to be constitutional to the extent that the court determines it is not in violation of section 6 of article V of the New York State Constitution.