■ In the Matter of BRIAN J. GOODFELLOW et al., Appellants, v VICTOR BAHOU et al., Constituting the New York State Civil Service Commission, et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Conway, J.), entered March 5, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Civil Service Commission reclassifying all deputy superintendent positions within the New York State Department of Correctional Services from the competitive to the noncompetitive class. Following the 1971 uprising at the Attica Correctional Facility, an overhaul of the prison administration system was undertaken. As a consequence, the number of deputy superintendent posts in the State was tripled; they were also divided into three categories — administrative services, security services, and program services. Thus, at every major correctional facility, three deputy superintendents currently serve under the immediate direction of the prison superintendent. Since this reorganization, the position of deputy superintendent has been competitive and appointments have been made from eligible lists established on the basis of civil service examination results. At the request of the Commissioner of Correctional Services, Thomas Coughlin, the Civil Service Commission, following a hearing, reclassified the deputy positions to noncompetitive. Petitioners assailed that determination at Special Term; ultimately judgment was entered in favor of the commission and this appeal ensued. At issue is whether the commission properly found that it was not practicable to fill these deputy superintendent billets by competitive examination. Reclassification from competitive to noncompetitive can only occur when it is impracticable to determine merit and fitness for the berth by competitive examination (NY Const, art V, § 6; Civil Service Law, § 42, subd 1). The commission having made such a finding of impracticability, our scope of review is limited to

adjudicating whether that result was arbitrary, capricious, or lacked a rational basis. If a fair and reasonable ground exists to support the commission's determination, we are constrained to confirm (*Matter of Grossman v Rankin*, 43 NY2d 493, 503; *Matter of Lorrow v New York State Dept. of Civ. Serv.*, 88 AD2d 682). Measured by this standard, the decision must be upheld. Commissioner Coughlin and Lee Gould, Assistant Director of Personnel for the Department of Correctional Services, testified in favor of reclassification. Their contention that the most critical abilities necessary to these positions were untestable, rested on their observations of the evolution which has occurred in the administration of the prison system since its reorganization in the early 1970's. Specifically, deputy superintendents are now involved deeply in the management of each facility. The deputies, together with the superintendent, form a management team which adapts general State prison policies to the exigencies and situations attending each individual facility, and the deputies take turns running the facility in the absence of the superintendent, an event which occurs approximately two or three days every month. Furthermore, the commissioner stated that the deputies have been allowed much more opportunity to utilize individual judgment, in conjunction with the superintendent, in setting the policy of the individ꜀ l institution. It was the commissioner's considered and earnest opinion that the judgment and temperament required to meet these new responsibilities simply could not be satisfactorily tested for, and therefore the deputies, like the superintendents, should be appointed by the commissioner from within the ranks of the correctional services system, with emphasis on the appointee's record of service and his ability to administer and formulate correctional policy. He also noted that similar positions in the State Office of Mental Retardation and Developmental Disabilities are filled by noncompetitive examinations. Gould, who was involved in originally classifying the position, declared that the duties of a deputy superintendent had changed considerably from what was originally contemplated when the positions were first established. He too observed that the authority for the daily operation of the prison is shared and no longer is it the exclusive and jealously guarded preserve of each separate facility's superintendent, as it had been in the past. On the basis of his extensive experience with job classification and examination formulation, Gould also concluded that a competitive examination could not adequately test for the demanding leadership skills and seasoned judgment now required for the position. This testimony, in conjunction with the commissioner's account of the new management techniques employed in the prison system, furnished a rational basis for the commission's determination. Though petitioners offered extensive testimony in support of the feasibility and desirability of continued competitive testing, they have not carried their heavy burden of proving the commission's determination arbitrary, capricious, or irrational. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.