LEIF BIRKELAND, as President of the Court Officers Benevolent Association of Nassau County, et al., Appellants, v STATE OF NEW YORK et al., Respondents, and VINCENT P. MALLAMO et al., Intervenors-Respondents.

Second Department, January 16, 1984

APPEARANCES OF COUNSEL

*Faden & Goldmacher* and *Joseph A. Faraldo* (*Beth J. Goldmacher* of counsel), for appellants.

*Richard M. Gaba* for intervenors-respondents.

*Robert Abrams, Attorney-General* (*Melvyn Leventhal, Caren Brutten* and *Arnold D. Fleischer* of counsel), for State of New York, respondent.

*Paul A. Feigenbaum* (*Michael Colodner* and *Paula E. Kennedy* of counsel), for Herbert B. Evans, respondent.

*Roemer & Featherstonhaugh* (*Stephen J. Wiley* and *Richard L. Burstein* of counsel), for Civil Service Employees

Association, Inc., Local 1000, AFSCME, AFL-CIO and others, respondents.

THOMPSON, J. P.

In 1976, the Legislature determined that, effective April 1, 1977, all nonjudicial officers and employees of the courts employed by a political subdivision of the State would become employees of the State under a newly Unified Court System (Judiciary Law, § 39). The administrative board of the Judicial Conference was directed to adopt a classification structure for all nonjudicial officers and employees who became new State employees under the new unified system. A new classification plan was not adopted until May, 1979. As a consequence of this unique scenario, virtually no testing for competitive positions occurred between 1976 and 1979, and many competitive positions were filled by provisionally appointed employees.

Chapter 846 of the Laws of 1980 was a direct response to the problem created by the filling of many competitive positions with provisional employees. As pertinent hereto, it provides:

"Section 1. Legislative findings and intent. The legislature hereby finds and declares that, prior to the unified court budget act enacted as chapter nine hundred sixty-six of the laws of nineteen hundred seventy-six, many employees of the unified court system of the state of New York were employed and paid by the political subdivisions of the state, that chapter nine hundred sixty-six of the laws of nineteen hundred seventy-six mandated the administrative board of the judicial conference to adopt a classification structure for nonjudicial employees, and that such classification structure was not adopted until May twenty-eighth, nineteen hundred seventy-nine. The legislature further finds that examinations for positions in the unified court system have not been given for a considerable period of time. As a result, in the tenth judicial district more than forty percent of positions classified in the competitive class are provisionally filled. The legislature also finds and declares that there is a severe danger that a disruption of court services will occur in the tenth judicial district by

virtue of the fact that, in such district, the percentage of competitive class positions filled provisionally exceeds forty percent. The legislature further finds that a great many present incumbents have served more than five and up to ten years in their positions, that the vast majority of present incumbents by their training and experience in their positions have acquired invaluable expert knowledge and skill in the performance of duties in the administration of the court systems, that the initial application of competitive class requirements to positions in such district makes it impracticable to fill such positions by competitive examination, and that in order to avoid any danger which disruption of the court system would entail, it is essential that means be provided to continue as permanent appointees qualified incumbents serving provisionally in positions in such district. It is the purpose of this act, therefore, to provide an orderly method for continuing in service with the rights and tenure of permanent appointees incumbents of such positions who have served satisfactorily and continuously therein for at least one year.

"Section 2. For the purposes of continuing essential activities and providing court services without interruption or disruption, and notwithstanding any inconsistent provision of law, rule, or regulation, incumbents occupying positions in such district in the unified court system which have been classified in the competitive class shall be granted permanent competitive class status, without probationary period or further examination, if they have been employed in or performed the duties of such position for one year prior to the effective date hereof. Incumbents who have served continuously for one year prior to the effective date hereof, and who have been provisionally promoted during such time shall be granted permanent competitive status in the position to which they have been promoted. Persons whose classification appeals have been granted shall receive permanent competitive status in the title awarded if they have served in the position for such year."

Plaintiffs argue that this enactment is in violation of section 6 of article V of the New York State Constitution, which provides "Appointments and promotions in the civil service of the state * * * shall be made according to merit

and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". They assert that at the time this "cover in" law was passed in 1980, it had once again become practicable to fill by competitive examination the competitive positions filled by the provisional employees. They reason that the constitutional mandate of section 6 of article V was ignored when the provisional employees were granted permanent status. We do not agree.

"Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (*Borden's Co.* v. *Baldwin,* 293 U.S. 194, 209, 210)" (*Defiance Milk Prods. Co. v Du Mond,* 309 NY 537, 540-541). Furthermore, "[i]f any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends (*United States* v. *Carolene Products Co.,* 304 U.S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (*Olsen* v. *Nebraska,* 313 U.S. 236, 246). Courts strike down statutes only as a last resort (*Matter of Ahern* v. *South Buffalo Ry. Co.,* 303 N.Y. 545, 555, affd. 344 U.S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (*Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 79; *Matter of Fay,* 291 N.Y. 198, 206, 207)." (*Defiance Milk Prods. Co. v Du Mond, supra,* p 541; see, also, *Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358; *Montgomery v Daniels,* 38 NY2d 41, 54-56).

On this record, there is no basis for challenging the legislative finding that in the 10th Judicial District more than 40% of positions classified as competitive were filled by provisional employees. It was within the province of the Legislature to determine that a serious disruption in court services would result from the immediate use of competitive examinations to fill the positions occupied by provisional employees, and that the best solution would be to enact the "cover in" law that is the subject of the instant challenge. Although plaintiffs suggest other ways in which the positions could have been filled in greater compliance with the constitutional requirement of competitive examinations "as far as practicable", these suggestions represent just the type of judicial second-guessing of legislative wisdom which this court may not indulge in (*Amico v Erie*

*County Legislature,* 36 AD2d 415, affd 30 NY2d 729). Accordingly, the grant of summary judgment to defendants (116 Misc 2d 1) was proper.

BRACKEN, WEINSTEIN and NIEHOFF, JJ., concur.

Order of the Supreme Court, Queens County, dated October 18, 1982, affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.