■ In the Matter of THOMAS F. McGUINNESS et al., Appellants, v ROBERT J. SISE et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to review an administrative order of the respondent Robert J. Sise, Chief Adminis-

trative Judge of the Unified Court System of the State of New York, dated December 27, 1983, reclassifying the civil service titles of security supervisor and senior security supervisor to the noncompetitive jurisdictional classification, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 9, 1985, as denied their application for a judgment directing that said civil service positions be filled on a competitive basis, and granted the respondents' cross motion to dismiss the proceeding.

Judgment affirmed insofar as appealed from, without costs or disbursements.

In May 1979 following New York State's adoption of a unified court employees classification structure (Judiciary Law § 39), by order of the Chief Administrative Judge of the Unified Court System, security-related titles of the courts were assigned to a judicial salary grade and placed under one of four jurisdictional classifications: competitive, noncompetitive, labor or exempt classes. At that time, the two new titles of security supervisor and senior security supervisor were created and were placed in the competitive class.

In May 1980 the respondent Office of Court Administration (hereafter OCA) entered into a contract with Assessment Designs, Inc. (hereafter ADI), to develop and validate a competitive examination for the title of security supervisor. OCA and ADI conducted an extensive job analysis of this position designed to collect information on the various skills, knowledge and personal characteristics necessary to perform the required duties and responsibilities of this position in the various courts throughout the system. As no comparable supervisory position then existed for the title of senior security supervisor, the analysis was not performed for this position.

Based upon their analysis, ADI and OCA determined that it was impracticable and inappropriate to test for the supervisory and managerial skills and personality characteristics required for the title of security supervisor (and by extension the senior security supervisor title) by competitive examination. This conclusion was reached after the job analysis revealed that the duties of security supervisors varied extensively according to the court where the supervisors were located.

Following a review of the recommendations of ADI and OCA, the respondent Robert J. Sise, the then Chief Adminis-

trative Judge, reclassified the titles of security supervisor and senior security supervisor from the competitive class to the noncompetitive class by an administrative order dated December 27, 1983. The petitioners challenged that reclassification order. That order was upheld by Special Term, and this appeal ensued.

The central issue is whether the respondents properly found that it was not practicable to fill these titles by competitive examination and thus properly reclassified the titles to the noncompetitive class. It is well settled that our scope of review is limited to determining whether the respondents' action was arbitrary, capricious or lacked a rational basis. Thus, if a rational basis exists for the reclassification, we are constrained to confirm the administrative agency's determination *(see, Matter of Grossman v Rankin,* 43 NY2d 493, 503; *Matter of Goodfellow v Bahou,* 92 AD2d 1085, 1086). Applying this standard, the reclassification must be upheld as it was based upon the respondents' carefully considered analysis and opinion that the skills, knowledge and personal characteristics required to fulfill the duties of these positions could not be tested adequately by a competitive examination. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.