■ In the Matter of BERNARD BERKOWITZ et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 3, 1988 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission approving noncompetitive classification for civil service positions of revenue crimes specialist in respondent Department of Taxation and Finance.

In February 1986, respondent Department of Taxation and Finance (hereinafter the Department) made a request to respondent Civil Service Commission (hereinafter the Commis-

sion) for noncompetitive jurisdictional classification of a new series of positions in the Division of Tax Enforcement to be known as "revenue crimes specialist". The creation of these positions was part of a legislative scheme to deter white collar revenue crime by, among other things, heightened investigation and development of prosecution-ready cases (see, Governor's program mem, 1985 NY Legis Ann, at 63). Given the nature and goals of this program, the Department required "the latitude to select a group of people with the mix of special expertise" needed to launch it successfully, along with certain minimum qualifications such as Bachelor's degrees in specialized subjects plus relevant work experience. The Department's request was ultimately approved by the Commission.

Petitioners, three of whom are employed by the Department and are eligible for promotion, commenced a CPLR article 78 proceeding to annul the Commission's determination on the basis that the new positions could have been adequately staffed by qualified applicants already properly tested by competitive examinations. Supreme Court granted petitioners' request, in part, by remitting the matter to the Commission for further proceedings to determine whether the new position should be classified as noncompetitive (Matter of Berkowitz v Burstein, 133 Misc 2d 323). A meeting was held and all parties expressed their views. The Department subsequently submitted a memorandum to the Commission summarizing in detail its reasons for requesting noncompetitive status for the revenue crimes specialist series. The Commission issued its final determination approving the Department's request, subject to further review at a later time. Petitioners commenced this CPLR article 78 proceeding to challenge that determination and Supreme Court dismissed the petition. Petitioners now appeal.

We affirm. In our view, sufficient evidence supports the Commission's determination that competitive testing for the position of revenue crimes specialist was not practicable at that time. NY Constitution, article V, § 6 requires that, "as far as practicable, the merit and fitness of candidates for appointments and promotions in the civil service be ascertained by competitive examination" (McGowan v Burstein, 71 NY2d 729, 731-732). It is well settled that administrative determinations as to position classification are to be accorded great deference and are only subject to limited judicial review (see, supra, at 733; Cove v Sise, 71 NY2d 910, 912). Accordingly, if a rational basis exists for the classification, the

agency's determination must be upheld *(see, Matter of Mc-Guinness v Sise,* 121 AD2d 541, 543, *lv denied* 69 NY2d 603). Here, the record indicates that the Commission's determination was based upon its considered opinion that the skills, knowledge and intangible personal characteristics necessary to investigate sophisticated white collar revenue crimes could not be tested adequately by a competitive examination at this time *(see, supra).* Despite petitioners' strenuous arguments to the contrary, they have failed to meet their heavy burden of showing this determination to be arbitrary, capricious or irrational *(see, Matter of Goodfellow v Bahou,* 92 AD2d 1085, 1086, *lv denied* 59 NY2d 606) and, therefore, the petition was properly dismissed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.