■ In the Matter of WILLIAM C. WOOD, JR., Respondent, v ROY A. IRVING, as Chief of Police of the City of Rochester, et al., Appellants. [605 NYS2d 799] —Judgment affirmed without costs. Memorandum: Supreme Court properly granted the petition, brought pursuant to CPLR article 78, in which petitioner sought appointment as a detective and commensurate compensation. Civil Service Law § 58 (4) (c) provides that "[a]ny person who has received permanent appointment as a police officer and is temporarily assigned to perform the duties of a detective shall, whenever such assignment exceeds 18 months in duration, be appointed as a detective and receive the compensation ordinarily paid to a detective performing such duties." Petitioner established that he had been permanently appointed as a police officer and had been assigned detective duties for a period exceeding 18 months.

Respondents contend that Civil Service Law § 58 (4) (c) is unconstitutional because it provides for promotion without a competitive examination. We do not agree. " 'Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions' " *(Birkeland v State of New York,* 98 AD2d 395, 398, *affd* 64 NY2d 663, quoting *Defiance Milk Prods. Co. v Du Mond,* 309 NY 537, 540-541). A court will strike a statute for unconstitutionality only as a last resort, and " 'only when unconstitutionality is shown beyond a reasonable doubt' " *(Defiance Milk Prods. Co. v Du Mond,* 309 NY, *supra,* at 541).

Article V, § 6 of the New York Constitution provides that "[a]ppointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". "Practicability denotes the ability to *objectively* and 'fairly test the relative capacity and fitness of the applicants to discharge the duties of the service to which they seek appointment' " *(Matter of Condell v Jorling,* 151 AD2d 88, 93). In enacting Civil Service Law § 58 (4) (c), the Legislature recognized that testing for the position of detective, after an officer has served in that capac-

ity for a period in excess of 18 months, is not practicable, and that the capacity and fitness of a police officer to serve as a detective can better be assessed by a review of the officer's extended period of on-the-job performance *(see,* Bill Jacket, L 1990, ch 29).

We also conclude that the statute is not superseded by the parties' collective bargaining agreement because that agreement did not address the promotion of an officer to detective after extended service as a detective. Additionally, the proceeding is not time-barred. Petitioner commenced this proceeding within two months after respondents' refusal was conclusive and binding *(see, Matter of Edmead v McGuire,* 67 NY2d 714, 716; *see also,* CPLR 217 [1]).

All concur except Lawton and Davis, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Davis, JJ. (dissenting). We respectfully dissent because we believe that Civil Service Law § 58 (4) (c), as written, violates article V, § 6 of the New York Constitution. Whether an examination is practicable is usually determined by the examining authority subject to judicial review *(see, e.g., Matter of Berkowitz v New York State Civ. Serv. Commn.,* 150 AD2d 978, *lv denied* 74 NY2d 610). Likewise, the State Legislature has the right to make that determination, which is also subject to judicial scrutiny *(see, e.g., Sanger v Greene,* 269 NY 33, *rearg denied* 269 NY 613; *Birkeland v State of New York,* 98 AD2d 395, *affd* 64 NY2d 663). Neither of those procedures was followed in this instance.

Civil Service Law § 58 (4) (c) does not state that the Legislature determined that testing was impracticable. The statute as written, therefore, is facially unconstitutional because, absent a finding of impracticability, it violates the mandate of New York Constitution, article V, § 6 that, unless impracticable, promotion must be by competitive examination. There is nothing in the record to support the majority's conclusion that the Legislature found that promotion by competitive examination was impracticable. Rather, the history of the legislation supports the conclusion that the motivating reason for its enactment was equality of compensation, not impracticability of examination. By using the word "appoint", however, without a finding of impracticability of testing, the Legislature created a right to the job title without promotional examination and negated the constitutional mandate. That is the position taken by the Department of Civil Service in its letter to the Governor's Counsel, wherein it stated:

"We understand that the intent of this bill is to ensure that those serving as detectives receive the wages normally associated with such an assignment. However, the bill also provides that after eighteen months assignment as a detective, a police officer must be 'appointed' to that title.

"We suspect that the drafters of this measure intended it to apply where service as a detective is an assignment. In situations where 'detective' is a distinct title, tested for on a competitive basis, no individual can be appointed permanently unless he or she passes the required tests and becomes reachable on an eligible list, as required by Article V, Section 6 of the State Constitution." (Bill Jacket, L 1990, ch 29.)

Indeed, implicit in the letter of the Department of Civil Service is that, where "detective" is a distinctive title, it has been and presently is being tested for by the Department on a competitive basis. Thus, testing for that title cannot be considered impracticable and appointment based on any alternative to testing is unconstitutional. Because the order appealed from orders "appointment" of petitioner to a new job title of investigator (detective), it is in error.

The majority's conclusion that a police officer's capacity and fitness to be a detective can better be assessed by on-the-job performance as opposed to competitive examination would apply equally to all civil service positions and, if accepted, would negate the necessity of taking examinations, thereby destroying the civil service system. Thus, we would reverse and dismiss the petition. (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Article 78.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.