Matter of Spence v New York State Dept. of Civ. Serv. (2020 NY Slip Op 07438)





Matter of Spence v New York State Dept. of Civ. Serv.


2020 NY Slip Op 07438


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

529390

[*1]In the Matter of Wayne Spence, as President of the Public Employees Federation, AFL-CIO, Appellant,
v
New York State Department of Civil Service et al., Respondents.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Renee L. Delgado, New York State Public Employees Federation, AFL-CIO, Albany (Kimberly A. Livingstone of counsel), for appellant.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered May 23, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Civil Service Commission placing new Special Assistant positions in the noncompetitive jurisdictional class.
The Department of Financial Services (hereinafter DFS) requested that the Civil Service Commission (hereinafter the Commission) create five new Special Assistant positions and have them placed in the exempt jurisdictional class. Petitioner opposed the requested classification. After considering DFS's and petitioner's views on the matter, the Commission ultimately adopted a rule approving the placement of the requested positions in the exempt jurisdictional class. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the Commission's determination. Supreme Court dismissed the petition, prompting this appeal by petitioner. We affirm.
"[A]ppointments and promotions within the civil service system must be merit-based and, when practicable, determined by competitive examination" (Matter of Wood v Irving, 85 NY2d 238, 243 [1995] [internal quotation marks and citation omitted]; see Matter of Kirmayer v State of N.Y. Civ. Serv. Commn., 42 AD3d 848, 849 [2007], appeal dismissed 9 NY3d 955 [2007]). A position for "which competitive or non-competitive examination may be found to be not practicable" shall be designated as exempt (Civil Service Law § 41 [1] [e]). "The criteria necessary . . . to permit exempt classifications[] are the confidential nature of the position, the performance of duties which require the exercise of authority or discretion at a high level[] or the need for the appointee to have some expertise or personal qualities which cannot be measured by a competitive examination" (Matter of Burke v Axelrod, 90 AD2d 577, 578 [1982]; cf. Matter of Spence v New York State Dept. of Civ. Serv., 156 AD3d 987, 988 [2017], lv denied 31 NY3d 905 [2018]). Our review of the Commission's determination is limited to whether it was wholly arbitrary or without a rational basis (see Cove v Sise, 71 NY2d 910, 912 [1988]; Matter of Dillon v Nassau County Civ. Serv. Commn., 43 NY2d 574, 580 [1978]).
The record discloses that DFS requested the exempt classification based, in part, upon the sensitive and confidential nature of the Special Assistant position and the ability of Special Assistants to influence policy. In that regard, Special Assistants were required to have a confidential relationship with DFS's superintendent and the full trust of the superintendent. Their duties included, among other things, advising on issues relating to the regulation of financial markets, investigating violations of financial laws or regulations — sometimes while undercover — and commenting on relevant legislation. Special Assistants also reported directly to the superintendent's chief of staff, who, in turn, reported [*2]directly to the superintendent. The Commission considered this evidence, as well as a DFS summary memorandum explaining the basis for the request. In view of the confidential character and the high-level responsibilities and duties of the Special Assistant, we cannot say that the Commission's determination was arbitrary or without any rational basis (see Matter of Burke v Axelrod, 90 AD2d at 578; Matter of Di Natale v Marrero, 77 AD2d 761, 762 [1980]). As such, Supreme Court correctly dismissed the petition.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.