■ In the Matter of RALPH H. WIENER et al., Doing Business as TITLE INVESTMENTS, Respondents, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, to annul a determination of the City Rent Administrator which denied the protest of the petitioners-landlords and which affirmed an order of the Local Rent Administrator fixing the maximum monthly rent of an apartment at $140.78, including an increase of 75 cents for an additional service, which had been previously granted by an order of the Local Rent Administrator, dated August 25, 1961, the City Rent Administrator appeals from an order of the Supreme Court, Queens County, dated August 17, 1962, which granted the petition, set aside the order of the Local Rent Administrator and directed her (the City Rent Administrator) to reinstate the Local Rent Administrator's order of August 25, 1961 fixing the rent of the apartment at $154.75 a month. Order appealed from reversed on the law and the facts, without costs; determination confirmed and proceeding dismissed. Findings of fact contained or implicit in the decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. One of the landlords (who is an attorney), the tenant and the tenant's attorney appeared at a conference before the Local Rent Administrator or his representative, who, in resolving an issue of fact, found either that the tenant did not know the meaning of a statement signed by her on March 10, 1961 or that she did not intend such statement to constitute a consent by her to an increase over the legal maximum rent in effect on that date. The City Rent Administrator stated that the record "indicates that the tenant, in signing the statement of March 10, 1961, did not know that it was an instrument expressing her intent to voluntarily increase the maximum rent of the subject apartment." In a proceeding such as this the scope of judicial review is limited to a determination as to whether there was a reasonable basis for the action of the City Rent Administrator; i.e., whether there was substantial evidence to justify the findings and determination (*Matter of Stratford Leasing Corp.* v. *Gabel*, 17 A D 2d 332; *Matter of Humphrey* v. *State Ins. Fund*, 298 N. Y. 327, 332). Where the evidence before an administrative or quasi-judicial officer or board is conflicting and presents a clear-cut issue as to the veracity of the opposing witnesses, it is for the officer or the board to pass on the credibility of the witnesses and to

base the resulting inferences on what such officer or board accepts as the truth (*Matter of Avon Bar & Grill* v. *O'Connell*, 301 N. Y. 150, 153). And where the conflicting evidence leaves room for choice, the court may not weigh the evidence or reject the choice made by the officer or board (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256, 267). In our opinion, the administrative findings in this case should not have been reversed or set aside by the court. Since such findings furnish an adequate basis for a determination that, on March 10, 1961, the landlords and the tenant did not voluntarily and in good faith enter into a valid written agreement for an increase in the maximum rent (City Rent, Eviction and Rehabilitation Regulations, § 33.2), the determination of the City Rent Administrator may not be set aside by the court. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.