■ In the Matter of ALFRED L. FRANCIS, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent New York City Transit Authority dated November 3, 1982, which, after a hearing, found petitioner guilty of "deliberate * * * dawdling" and suspended him for two days without pay.

Petition granted, on the law, with costs, determination annulled, and charges dismissed.

Petitioner was charged, *inter alia,* with misconduct because he allegedly left a medical clinic at Jay Street at 4:00 P.M. and did not return to his work site in East New York until 5:15 P.M. At the hearing, petitioner testified that he left the clinic at 4:20 P.M. and it took him approximately 55 minutes to travel to his work site. This testimony was credited by the hearing officer. However, petitioner's supervisor testified that the train ride from the clinic was approximately 15 minutes and that the headway between trains would be approximately 15 minutes. There was no testimony as to the basis for the supervisor's estimations and no evidence as to the travel time to and from the subway station at either end of the trip. Nevertheless, the hearing officer found petitioner guilty of "deliberate * * * dawdling".

Although it is permissible for the hearing officer to draw inferences from his findings of fact, the inferences must be based upon facts already proved. The facts in evidence provide no rational basis for the conclusion reached by the hearing officer. Therefore, his conclusion was not based upon substantial evidence (*Matter of Pell v Board of Educ.,* 34 NY2d 222).

In light of our determination, we need not reach the issues of whether the penalty was excessive, or improperly imposed upon petitioner. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.