■ In the Matter of RICHARD ERRERA, Petitioner, v NATHAN QUINONES, as Chancellor of the Board of Education of the City of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education, dated February 9, 1984, which, after a hearing, found the petitioner guilty of one of the charges against him and terminated his employment.

Determination confirmed and proceeding dismissed on the merits, with costs.

The Board's denial of the petitioner's request to reopen the hearing was neither arbitrary nor capricious where the request came three months after the hearing was concluded and three weeks after a determination was issued, and the peti-

tioner offered no excuse for his failure to offer his "new" evidence at the original hearing.

In addition, although there was a failure to comply with certain procedural rules, the petitioner did not object to these violations, nor has he established any prejudice as a result thereof. Therefore, the noncompliance with the rules in question does not require annulment of the determination *(cf. Matter of Lehman v Board of Educ.,* 82 AD2d 832; *Matter of Bivins v Helsby,* 55 AD2d 230).

The testimony adduced at the hearing posed a clear-cut issue as to the veracity of the witnesses, which was for the hearing body to determine *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of Wiener v Gabel,* 18 AD2d 1025, 1026). As the complainant's testimony was not incredible as a matter of law, and was sufficient by itself to constitute substantial evidence of the charge upon which the petitioner's dismissal was based *(see, Matter of Sowa v Looney,* 23 NY2d 329), the board's determination must be confirmed *(see, Matter of Collins v Codd,* 38 NY2d 269; *Matter of Stork Rest. v Boland,* 282 NY 256).

The petitioner's remaining contentions have been considered and have been found to be without merit. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.