■ In the Matter of RENIE SCHUSTER, Petitioner, v BABYLON UNION FREE SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Babylon Union Free School District, dated September 9, 1986, which, after a hearing, found the petitioner guilty of misconduct in that she intentionally harassed and annoyed the Assistant to the Superintendent of Schools, and dismissed her from her employment as a clerk typist.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner was employed by the respondent Babylon Union Free School District from 1972 to 1986 as a clerk typist in both the grade school and junior-senior high school. On or about April 3, 1986, the petitioner was served with four specific charges by the respondent, alleging misconduct and incompetence on her part in connection with her employment. The Hearing Officer recommended a finding of guilty with regard to the second charge, which finding was adopted by the respondent.

In the second charge, it was contended that the petitioner had "intentionally harassed and annoyed the Assistant to the Superintendent of Schools, Lawrence S. Light, both in a civil and possible criminal manner through the use of the telephone in an improper and illegal fashion". It was specifically alleged, *inter alia,* that the petitioner had made numerous annoyance telephone calls to Light's home between January 24 and March 28, 1986, during the early hours of the morning, without a legitimate communication purpose. The Hearing Officer determined that while there was no direct evidence that the petitioner had made the calls herself, the calls did emanate from her household, and he concluded that "[e]ither as perpetrator or instigator [the petitioner] must logically be assumed to bear responsibility for the actions which resulted in this charge".

In this proceeding, the only issue raised by the petitioner is the sufficiency of the evidence supporting the guilty determination with regard to the second charge.

In evaluating whether there is substantial evidence to support the administrative body's determination, this court has said that "[a]lthough it is permissible * * * to draw inferences

from [the Hearing Officer's] findings of fact, the inferences must be based upon facts already proved" *(Matter of Francis v New York City Tr. Auth.,* 112 AD2d 994, 995). Further, "[a] finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably" *(Matter of Stork Rest. v Boland,* 282 NY 256, 273; *see also, Matter of Furey v County of Suffolk,* 105 AD2d 41, 43). Finally, "it is for the officer or the board to pass on the credibility of the witnesses and to base the resulting inferences on what such officer or board accepts as the truth" *(Matter of Wiener v Gabel,* 18 AD2d 1025, 1026; *see also, Matter of David v Christian,* 134 AD2d 349; *Matter of Donnelly v Carmel Cent. School Dist.,* 109 AD2d 796).

We find that there was substantial evidence in the record to support the Hearing Officer's finding of fact that the calls emanated from the petitioner's household, and he could reasonably infer that the petitioner had made the calls herself or that she had instigated, conspired with or consented to another member of her household making these harassment calls. We therefore find no basis for disturbing the respondent's determination that the petitioner's guilt of the second charge was established. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.