■ In the Matter of SCOTT A. NELSON, Petitioner, v TOWN

OF NORTH HEMPSTEAD SOLID WASTE MANAGEMENT AUTHORITY, Respondent. [612 NYS2d 868] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of North Hempstead Solid Waste Management Authority, dated September 3, 1991, which adopted the finding of a Hearing Officer, made after a hearing, that the petitioner was guilty of misconduct, suspended the petitioner from employment for six months, and directed that he be placed on probation for three months upon his return to work.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Notwithstanding the petitioner's contentions to the contrary, we find that the Executive Director of the respondent Town of North Hempstead Solid Waste Management Authority had the requisite authority to hire and fire personnel *(see, Matter of Thurmond v Town of N. Hempstead Solid Waste Mgt. Auth.,* 202 AD2d 594 [decided herewith]) and properly designated Donal M. Mahoney to hear the charges against the petitioner *(see,* CSEA-Town of North Hempstead 1989-1991 labor contract § XII [3] [iii]).

Upon our review of the record, we conclude that there is substantial evidence to support the finding of the Hearing Officer, which was implicitly adopted by the Executive Director in his decision, sustaining the charges of misconduct against the petitioner *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230).

We find that the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 233). In so finding, we note that the Executive Director was not bound by the Hearing Officer's recommendation with regard to punishment *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.