■ In the Matter of VERNON THURMOND, Petitioner, v TOWN OF NORTH HEMPSTEAD SOLID WASTE MANAGEMENT AUTHORITY, Respondent. [612 NYS2d 584] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of North Hempstead Solid Waste Management Authority, dated August 15, 1991, which adopted the finding of a Hearing Officer, made after a hearing, that the petitioner was guilty of misconduct and terminated the petitioner's employment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Notwithstanding the petitioner's contentions to the contrary, we find that the Executive Director of the respondent Town of North Hempstead Solid Waste Management Authority (hereinafter the Authority), who is charged with "the administration and the day-to-day operations of the Authority" (Code of Town of North Hempstead § 23-9.1 [B]) and who

was himself appointed to carry out the purposes of the Authority, had the requisite authority to hire and fire personnel. Moreover, he properly designated Donal M. Mahoney to hear the charges against the petitioner *(see,* CSEA-Town of North Hempstead 1989-1991 labor contract § XII [3] [iii]).

Upon our review of the record, we conclude that there is substantial evidence to support the finding of the Hearing Officer, which was implicitly adopted by the Executive Director in his decision, sustaining the charges of misconduct against the petitioner *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230).

We find that the penalty of termination is not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 233). In so finding, we note that the Executive Director was not bound by the Hearing Officer's recommendation with regard to punishment *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.