■ In the Matter of JOHN VANASCO, Appellant, v TOWN OF NORTH HEMPSTEAD SOLID WASTE MANAGEMENT AUTHORITY, Respondent. [612 NYS2d 870] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of North Hempstead Solid Waste Management Authority, dated September 3, 1991, which adopted the finding of a Hearing Officer, made after a hearing, that the petitioner was guilty of misconduct, suspended the petitioner from employment for three months, and directed that he be placed on probation for two months upon his return to work, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated July 16, 1992, which confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated *(see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872); and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondent is awarded one bill of costs.

Notwithstanding the petitioner's claims to the contrary, we find that the Executive Director of the respondent Town of North Hempstead Solid Waste Management Authority had the requisite authority to hire and fire personnel *(see, Matter of Thurmond v Town of N. Hempstead Solid Waste Mgt. Auth.,* 202 AD2d 594 [decided herewith]) and properly designated Donal M. Mahoney to hear the charges against the petitioner *(see,* CSEA-Town of North Hempstead 1989-91 labor contract § XII [3] [iii]).

Upon our *de novo* review of the record, we conclude that there is substantial evidence to support the finding of the Hearing Officer, which was implicitly adopted by the Execu-

tive Director in his decision, sustaining the charges of misconduct against the petitioner *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230).

We find that the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 233). In so finding, we note that the Executive Director was not bound by the Hearing Officer's recommendation with regard to punishment *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.