◼ In the Matter of NANCY TINNEY, Petitioner, v ALAN SCHNEIDER, as Personnel Officer of the Department of Civil Service of the County of Suffolk, et al., Respondents. [628 NYS2d 385] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Alan Schneider, Personnel Officer of the Department of Civil Service of the County of Suffolk, dated April 8, 1992, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of certain enumerated charges and specifications, and terminating her employment as Senior Personnel Analyst in the Suffolk County Department of Civil Service.

Adjudged that the petition is granted to the extent that the portion of the determination which sustained Charge II, Specification 4 (a) is annulled, and that charge is dismissed, on the law, without costs or disbursements, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, on the merits.

The petitioner, a Senior Personnel Analyst with the Suffolk County Department of Civil Service, was found guilty of misconduct and incompetence in connection with no less than 35 instances of shoddy work, insubordination, tardiness, failure to follow directives, and inability to perform adequately. All but one of those charges were supported by substantial evidence. Most of the evidence posed a credibility question for the Hearing Officer, to whom we defer in such matters *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Those charges which

the petitioner did not dispute substantively were rebutted by excuses or explanations for the petitioner's misconduct or incompetence, which excuses and explanations the Hearing Officer rationally rejected.

The one charge which is not sustained in this record (Charge II, Specification 4 [a]) alleged that the petitioner was incompetent in that she and her subordinate only completed a total of eight desk audits in a given period, while the average number of such audits completed by other personnel analysts in the same time period was 40. While the petitioner did not dispute that she and her subordinate completed a total of only eight desk audits, she established that eights audits were all that were requested of her by the jurisdictions in her charge during the period in question. Thus, under the circumstances, the completion of only eight desk audits does not constitute incompetence.

Given the numerous instances of misconduct and incompetence exhibited by the petitioner, even excluding the one charge not sustained, and in light of the fact that the misconduct and incompetence continued upon the petitioner's return from suspension, we conclude that the penalty of termination is not shocking to one's sense of fairness, and therefore should not be disturbed (see, Matter of Pell v Board of Educ., 34 NY2d 222; see also, Matter of Koch v Webster Cent. School Dist. Bd. of Educ., 57 NY2d 1028).

The petitioner's contention that one of the charges was untimely under Civil Service Law § 75 (4) is without merit. Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.