■ In the Matter of HARVEY I. GLICK et al., Petitioners, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent. [637 NYS2d 98] —Determination of respondent Superintendent, dated December 3, 1993, which, after a hearing, revoked petitioners' licenses upon a finding of "incompetency or untrustworthiness", unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Elliott Wilk, J.], entered June 7, 1994) dismissed, without costs.

Substantial evidence supports the Superintendent's determination of petitioners' "incompetency or untrustworthiness" (Insurance Law § 2110 [a] [4]), based on their violations of several provisions of the Insurance Law in regard to acting without a license, calling attention to and acting for unauthorized insurers and misrepresenting the terms of insurance policies. Petitioners' claim that there is no support in the record for the determination that petitioner Michael Glick was actively involved in the solicitation of insurance business is without merit. Michael Glick himself testified that he "operated" the entity that secured insurance coverage and the comptroller of a company that obtained coverage through that entity testified that he dealt mostly with Michael Glick in discussing coverage.

We have considered petitioners' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Tom, JJ.