■ In the Matter of SYLVIA MARRELLO, Petitioner, v MACK L. CARTER, JR., as Commissioner of Hospitals of the County of Westchester, et al., Respondents. [640 NYS2d 679] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Commissioner of Hospitals of Westchester County which found petitioner guilty of misconduct and terminated her employment.

Petitioner, a licensed practical nurse employed at Westchester County Medical Center, was found guilty after a hearing of three specifications of misconduct, stemming from her abuse of two patients on March 29, 1993. Respondent Commissioner of Hospitals of Westchester County adopted the Hearing Officer's findings of fact and conclusions, and terminated petitioner's employment.

Petitioner's contentions that the determination was not supported by substantial evidence, and that the Hearing Officer failed to make sufficiently detailed factual findings to justify his conclusions or to permit effective review, are unconvincing. The testimony of two student nurses who witnessed the misconduct charged (which testimony the Hearing Officer explicitly found to be "direct and unshakable", and by far "more believable" than petitioner's conflicting account) provides ample basis for the determination of guilt. Nor was it unreasonable for the Hearing Officer to place little credence in a tape-recorded interview with one of the patient victims— wherein the patient denied having been struck by petitioner—in view of the fact that another witness testified that the same victim told him a contradictory story, shortly after the interview was conducted. These conflicting accounts of what transpired merely raised issues of credibility, the resolution of which, on this record, is beyond the purview of judicial

review (*see, Matter of Collins v Codd*, 38 NY2d 269, 270-271; *Matter of Errera v Quinones*, 119 AD2d 751, 752).

The apparently inadvertent destruction of the audiotape containing the aforementioned interview, after the hearing was completed, does not, as petitioner suggests, require annulment of respondent's determination, for the parties have stipulated to the contents of the tape. And, although those contents were plainly favorable to petitioner, the contrary account given by a witness who actually observed the occurrence justifies the Hearing Officer's finding that the patient's recorded declarations were less than credible. As for the assertion that a minor typographical error in the letter designating the Hearing Officer left the latter without jurisdiction to conduct the hearing, it suffices to note that he was designated to hear, and report on, the charges arising out of the events of March 29, 1993, and that petitioner was properly notified as to the charges that were to be considered.

In view of the risk of harm petitioner's conduct posed to the patients in her care—one was mentally retarded, the other a 93-year-old who suffered from Alzheimer's disease—the penalty of dismissal is not, in our judgment, so disproportionate to the offense as to warrant judicial interference.

We have examined petitioner's other contentions and find them unpersuasive.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.