■ In the Matter of GAYLE SOSS, Petitioner, v MICHAEL J. GRANT et al., Respondents. [643 NYS2d 134] —Proceeding pursuant to CPLR article 78 to review a determination of the re-

spondent members of the Board of Fire Commissioners of the Brentwood Fire District, dated May 8, 1994, which, after a hearing, dismissed the petitioner from her position as Fire Attendant.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, there was substantial evidence to support the determination of misconduct under Specification I and Specification IV (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Hall v Del Castillo, 174 AD2d 743).

Moreover, in light of the tape-recorded admissions made by the petitioner, there was substantial evidence to support the determination of misconduct under Specification II and Specification III (see, Matter of Wiggins v Board of Educ., 60 NY2d 385, 388; Matter of Simpson v Wolansky, 38 NY2d 391, 394; Matter of Thurmond v Town of N. Hempstead Solid Waste Mgt. Auth., 202 AD2d 594, 595).

Finally, the penalty of dismissal is not so disproportionate in light of all the circumstances as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Longo v Dolce, 192 AD2d 157, 162; cf., Matter of Schuster v Babylon Union Free School Dist., 138 AD2d 608). Sullivan, J. P., Hart, Goldstein and McGinity, JJ., concur.