■ In the Matter of DAVID ROSEN, Petitioner, v NEIL D. LEVIN, as Superintendent of Insurance of the State of New York, Respondent. [687 NYS2d 112] —Determination of respondent Superintendent, dated October 21, 1997, finding that petitioner broker violated provisions of the Insurance Law and Regulations and imposing a $7,500 civil penalty, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louise Gruner Gans, J.], entered on or about April 14, 1998) dismissed, without costs.

Accepting the credibility determinations of the Hearing Officer (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443), the record provides substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179) that petitioner, a licensed excess line broker, violated Insurance Law §§ 2105 and 2118 and Insurance Department Regulation 41 (11 NYCRR 27.21) by filing excess line affidavits on behalf

of a producing broker unlicensed to procure excess line coverage; that petitioner violated Insurance Law § 2118 (c) and Insurance Department Regulation 41 by failing to maintain "a complete and separate record" regarding excess coverage procured; and that petitioner violated Insurance Law § 2120 and Insurance Department Regulation 29 (11 NYCRR 20.3 [b] [4]) by improperly utilizing a single checking account for the deposit of premiums and payment of operating expenses. In connection with the finding that petitioner violated the Insurance Law and Insurance Department Regulations in a manner referenced in a Department Circular Letter as "fronting", since the Department's interpretation of the applicable law and regulations is neither "irrational [n]or unreasonable", it will not be disturbed (*Matter of Howard v Wyman*, 28 NY2d 434, 438; *accord, Matter of Bernstein v Toia*, 43 NY2d 437, 448). Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.