■ In the Matter of THOMAS L. MENNELLA, Appellant, v DEPUTY CHIEF ADMINISTRATIVE JUDGE, NEW YORK CITY COURTS et al., Respondents. [756 NYS2d 244] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Chief Administrative Judge, New York City Courts, dated May 24, 2001, finding the petitioner guilty of misconduct and suspending him for two weeks without pay, the petitioner appeals from (1) a judgment of the Supreme Court, Kings County (Garry, J.), dated January 24, 2002, which dismissed the proceeding, and (2) an order of the same court, also dated January 24, 2002, which denied a second petition, incorrectly filed under the same index number, inter alia, to review a determination of the Deputy Chief Administrative Judge, New York City Courts, dated October 24, 2001, requiring the petitioner to undergo psychological and physical testing before his firearms privileges were restored.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

It is well settled that a reviewing court may not disturb an administrative determination "unless there is no rational basis for the exercise of discretion or the action complained of is 'arbitrary and capricious'" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974]; *see Matter of Colton v Berman,* 21 NY2d 322 [1967]; *Matter of Valle v Buscemi,* 233 AD2d 334 [1996]). The respondent Deputy Chief Administrative Judge, New York City Courts, determined that the petitioner committed misconduct by using a Supreme Court envelope to send out a survey thereby creating a false impression that the court was sanctioning personal business. The Supreme Court properly dismissed the proceeding since there was a rational basis for the determination and it cannot be said on this record that the finding of misconduct was either arbitrary, capricious, or an abuse of that discretion.

Moreover, the penalty of a two-week suspension, when considered in light of all of the circumstances of this case, was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ., supra* at 234; *Matter of Soss v Grant,* 227 AD2d 494 [1996]).

The petitioner filed a second order to show cause and peti-

tion in October 2001 seeking an immediate return of his firearm privileges, without psychological or physical testing. The second order to show cause and petition were filed under the same index number as the original order to show cause and petition seeking a judgment dismissing the disciplinary charges. In light of his failure to obtain a second index number and pay a second filing fee, the petitioner never properly commenced the second proceeding (*see Matter of Gershel v Porr,* 89 NY2d 327 [1996]; *Matter of Pal v Aponte,* 237 AD2d 443 [1997]). Thus, the Supreme Court should have dismissed the second proceeding for this reason rather than making a determination on the merits.

The order dated January 24, 2002, denying the second petition relating to the petitioner's firearms privileges is not appealable as of right (*see* CPLR 5701 [a]) and we decline to grant leave since the second petition was incorrectly filed under the index number as the original petition. In any event, if the second petition were correctly filed, the Supreme Court would have been correct in dismissing that petition as there was a rational basis for the determination that the petitioner would have to undergo psychological and physical testing before his firearm privileges were restored.

The petitioner's remaining contentions are without merit. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.