■ In the Matter of CHRIS SCIBELLI et al., Appellants, v PLANNING BOARD OF TOWN OF WOODBURY, Respondent. [786 NYS2d 537]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Woodbury, which, after a hearing, denied the petitioners' application for an amended site plan and an amended special use permit, the petitioners appeal from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated May 29, 2003, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners own property located on a state highway in a Corridor Residential Zone (hereinafter CRZ) in the Town of Woodbury. They sought a special use permit to construct several additional parking spaces and an additional driveway which would connect to a residential side street. The respondent denied the application, determining that the proposed project did not meet several of the standards for construction in a CRZ.

Judicial review of a determination of an administrative body made after a hearing is limited to whether or not that determination is supported by substantial evidence (*see Matter of Liuzzo v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 209 AD2d 618 [1994]). An administrative determination will be found to be supported by substantial evidence if there is a rational basis in the record for the findings of fact on which the administrative body's determination is based (*see Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept.*, 278 AD2d 238 [2000]).

Contrary to the petitioners' contentions, the respondent's determination that their application did not conform to the CRZ regulations is supported by substantial evidence in the record. The pertinent zoning regulations provide, inter alia, that "to the maximum practical extent" vehicular access to nonresidential property in a CRZ "must be from a state highway" (Woodbury Town Code § 310-29 [B] [2] [a] [1]). There was both expert evidence and testimony from neighbors indicating that the petitioners' proposal was inconsistent with this mandate. In addition, there was testimony which indicated that the proposal

had possible safety concerns. Therefore, the respondent's determination was supported by substantial evidence in the record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *see also Matter of Laidlaw Waste Sys. v Planning Bd. of Town of Islip,* 305 AD2d 413 [2003]).

The petitioners' remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.