■ In the Matter of HELEN KELLER, Appellant, v TOWN OF HUNTINGTON, Respondent. [785 NYS2d 714]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Huntington dated April 29, 2002, which adopted the recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of certain charges and specifications, and terminating her employment as a senior account clerk in the Department of Planning and Environment, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), dated May 21, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Judicial review of a determination of an administrative body

made after a hearing is limited to whether or not that determination is supported by substantial evidence (*see Matter of Scibelli v Planning Bd. of Town of Woodbury,* 12 AD3d 450 [2004]; *Matter of Liuzzo v State of N.Y. Dept. of Motor Vehs. Appeals Bd.,* 209 AD2d 618 [1994]). An administrative determination will be·found to be supported by substantial evidence if there is a rational basis in the record for the findings of fact on which the administrative body's determination is based (*see Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept.,* 278 AD2d 238 [2000]).

Contrary to the petitioner's contention, the determination is supported by substantial evidence (*see Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept., supra; Matter of Rosen v Levin,* 259 AD2d 395 [1999]; *Pasternack v Muhl,* 248 AD2d 246, 247 [1998]; *Matter of Glick v Curiale,* 223 AD2d 501 [1996]). While the petitioner disputes the hearing officer's credibility determinations, there was substantial evidence to sustain the charges (*see Matter of DiPalma v Suardy,* 207 AD2d 397, 398 [1994]).

Given the numerous instances of the petitioner's misconduct, and in light of the fact that the misconduct continued upon the petitioner's return from involuntary leave, we conclude that the penalty of termination is not shocking to one's sense of fairness, and therefore should not be disturbed (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 234 [1974]; *Matter of Soss v Grant,* 227 AD2d 494 [1996]; *Matter of Tinney v Schneider,* 216 AD2d 474 [1995]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.