■ FRANCIS K. COVE, JR., et al., Respondents, v ROBERT J. SISE, as Chief Administrative Judge of the Office of Court Administration of the State of New York, et al., Appellants. (Proceeding No. 1.) NEW YORK STATE COURT OFFICERS ASSOCIATION, Respondent, v STATE OF NEW YORK UNIFIED COURT SYSTEM CLASSIFICATION REVIEW BOARD, Respondent. JOSEPH W. BELLACOSA et al., Intervenors-Appellants. (Proceeding No. 2.)—

In June 1980, the New York State Court Officers Association (NYSCOA) submitted to then-Chief Administrative Judge Herbert B. Evans a notice of intent to appeal the classification plan which set forth a revised classification and allocation of the uniformed court officer and court officer titles. NYSCOA urged that the duties of court officers assigned to the Civil, Criminal and Family Courts in New York City correspond to those of senior court officers in the Supreme Court and of court attendants of the Appellate Division and, therefore, should be classified in the same manner. NYSCOA requested that its members' titles be changed to senior court officers and that their salary grades of JG 16 be raised to JG 18. By

determinations dated December 15, 1981 and March 19, 1982, Chief Administrative Judge Evans denied the appeals, concluding that the titles were properly classified, inasmuch as there were identifiable differences among the titles warranting pay differentials.

In January and February of 1981, the Nassau County Benevolent Association Inc. (COBANC), representing court officers in the Family and District Courts of Nassau and Suffolk Counties, also appealed the classification of the uniformed court officers and court officers titles to the Chief Administrative Judge. By determinations dated February 16, February 22 and October 29, 1982, Chief Administrative Judge Evans likewise denied these appeals.

Both groups subsequently appealed these determinations to the Classification Review Board. The Board upheld the classifications and allocations and dismissed the appeals in a determination dated September 10, 1984. The Board concluded that there was a rational basis for the distinction in allocation of grade levels. As to the classification of titles, the Board did, however, recommend a de novo review for possible future consolidation into one title, because of certain similarities in the titles.

Both NYSCOA and COBANC subsequently commenced these article 78 proceedings. The COBANC proceeding was transferred by stipulation to New York County where both cases were argued together. Special Term held that since the Board found sufficient similarities in the titles to warrant de novo review, the Board itself should have granted relief. The court remanded the matters to the Board for further proceedings.

Administrative determinations concerning the classification of civil service positions are subject to limited judicial review. *(Matter of Dillon v Nassau County Civ. Serv. Commn.,* 43 NY2d 574, 580.) A classification determination is presumed to be reasonable and will not be disturbed, unless a petitioner demonstrates that the determination is wholly arbitrary or without any rational basis. *(Matter of Grossman v Rankin,* 43 NY2d 493, 503.)

The Classification Review Board, while noting similarities in the court officers and senior court officers titles, only suggested that the titles be reviewed in the future for possible consolidation. However, the primary relevant consideration on appeal is whether the Board's decision to uphold the classification and allocation plan was rationally based. The Board

found that valid distinctions did exist in the job requirements and duties, thus warranting allocation of different grade levels. The Board's determination to dismiss the appeals was, therefore, based on the existence of a rational basis for the classifications and allocations. Since the Board's determination was not irrational or arbitrary, the petitions should, accordingly, be dismissed. Concur—Sullivan, J. P., Carro, Fein and Rosenberger, JJ.