OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 These article 78 proceedings challenge determinations of the Classification Review Board (the Board) upholding classification of the court officer title in New York City and Nassau County pursuant to a classification plan for nonjudicial court employees
 
 (see,
 
 Judiciary Law § 39 [8] [a]); petitioners seek consolidation of the court officer (JG16) title and salary grade with those of the senior court officer (JG18). The classification plan was established by the Chief Administrative Judge
 
 (see,
 
 former 22 NYCRR 25.45 [now 25.41]). Petitioners’ appeals were denied by the Chief Administrative Judge, and thereafter by the Board. In an extensive decision supporting its conclusion that there was insufficient basis for the appeals, the Board noted that the essence of the two job titles was "so similar as to warrant serious de novo review for the purpose of possible consolidation in the future under a common title”,
 
 *912
 
 but the Board specifically rejected the need for a common classification as conflicting with its initial finding that "there is insufficient basis upon which to conclude that JG-16 is inappropriate for the lowest level security title in the Plan, i.e., Court Officer.”
 

 Special Term perceived the Board’s reference to possible future consolidation as a factual finding that immediate revamping was required; held that the Board was obliged to "issue the mandate necessary to implement its finding”; and granted the petitions to the extent of remanding the matter to the Board to fashion the appropriate remedy. The Appellate Division reversed and dismissed the petitions, concluding that the Board’s determinations dismissing the appeals were not irrational or arbitrary.
 

 Administrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis
 
 (see, Matter of Dillon v Nassau County Civ. Serv. Commn.,
 
 43 NY2d 574, 580;
 
 Matter of Grossman v Rankin,
 
 43 NY2d 493, 503,
 
 rearg denied
 
 44 NY2d 733). Petitioners made no such showing with respect to the Board’s conclusion, upon an enumeration of the pertinent factors supporting this entry-level title and promotional-level title, that petitioners had presented "insufficient basis upon which to conclude that the allocation of the [court officer] title in the Plan to JG-16 is improper, unfair or inequitable.”
 

 Given this disposition, we do not reach the question whether the Board even had authority to reclassify job titles and reallocate salary grades.
 

 Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler and Judge Bellacos a taking no part.
 

 Order affirmed, with costs, in a memorandum.