■ In the Matter of SVEND S. HANSEN et al., Respondents, v ALAN SCHNEIDER, as Personnel Officer of the Department of Civil Services of the County of Suffolk, et al., Appellants.—In

a proceeding pursuant to CPLR article 78 to review a determination of the respondent Department of Civil Service of the County of Suffolk, dated June 20, 1985, which denied the petitioner Hansen's application for reclassification of his position, the appeal is from a judgment of the Supreme Court, Suffolk County (Willen, J.), entered November 18, 1986, which granted the petition and ordered that the respondents engage in the necessary procedures to reclassify the petitioner Hansen's position from "Construction Equipment Operator" to the position entitled "Well Driller".

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed and the proceeding is dismissed on the merits.

In June 1970 the petitioner Hansen began working for the Suffolk County Department of Health Services as a heavy equipment operator. Since June 1980 he has maintained a position as a "Construction Equipment Operator" (hereinafter CEO) in the Ground Water Section of the Environmental Health Division. The CEO job description was amended on April 17, 1984, to reflect that as part of typical work such an employee, *inter alia*, "[o]perates auger-type well-drilling equipment; drills, installs and samples wells". In May 1984 the petitioner Hansen applied to have his position reclassified to well driller. The job description for this position provided that the well driller possess "[g]ood knowledge of the principles of well drilling including soil boring techniques, rotary well drilling and augering". The application was denied on the ground that the petitioner Hansen, while capable of operating auger drill equipment, did not have the experience or skill to operate a rotary drill. The Supreme Court set aside the determination as arbitrary and capricious. We reverse.

An administrative determination concerning the classification of civil service personnel is subject to limited judicial review. The petitioner has the burden of proving that the determination under review was arbitrary, capricious or resulted from an error of law. Where there exists a fair and reasonable basis for difference of opinion as to classification the court should not interfere with the judgment of the administrative body or officer *(see, Matter of Grossman v Rankin,* 43 NY2d 493, 503-506; *Donegan v Nadell,* 113 AD2d 676, 680-681). In this case the appellants thoroughly reviewed and evaluated the relevant job descriptions in relation to the petitioner Hansen's experience, skill and qualifications and we find that their determination was rationally based *(cf., Matter*

*of Roistacher v McCoy,* 32 NY2d 479, 485). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.