■ In the Matter of MICHELLE F. SWEENEY, Respondent, v CLASSIFICATION REVIEW BOARD OF THE UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered May 10, 1988, which, *inter alia,* granted the petition of petitioner-respondent, Michelle Fix Sweeney (petitioner), to the extent of remanding the matter to respondent-appellant Classification Review Board (CRB) for further proceedings, unanimously reversed insofar as appealed from, on the law, and the petition dismissed, without costs.

Petitioner commenced this proceeding, pursuant to CPLR article 78 and 22 NYCRR 25.41 (e), to challenge an order of the CRB, which upheld three prior determinations by respondent-appellant Chief Administrative Judge (CAJ) denying petitioner's requests to: (1) reclassify her former title of deputy chief clerk of the Family Court, Greene County, to deputy chief clerk I (JG-17); (2) allocate petitioner's new title of senior office assistant to a grade higher than JG-8; and (3) change the jurisdictional classification of the title of senior office assistant from a competitive to another classification.

The reclassification issues presented in this matter stem from the April 1, 1977 assumption by the State of fiscal

responsibility for the courts and the court personnel, pursuant to the Unified Court Budget Act of 1976 (L 1976, ch 966, § 2, as amended, now codified as Judiciary Law § 39). In order to ensure the smooth transfer of employees who were formerly paid by local governments to the State payroll, the Chief Judge of the Court of Appeals issued an administrative order on April 23, 1979, directing the CAJ to establish a classification plan for all nonjudicial personnel in the Unified Court System. Under the plan, issued on May 28, 1979, petitioner's position in the Greene County Family Court, which had been classified as deputy chief clerk (ungraded) was reclassified as senior office assistant (JG-8).

Petitioner filed three appeals from the reclassification of her position. First, pursuant to an evaluation appeal, petitioner sought to have her former position of deputy chief clerk reclassified to that of deputy chief clerk I (JG-17), instead of senior office assistant (JG-8). Second, under an allocation appeal, petitioner sought to have a higher salary grade than JG-8 allocated to her new title of senior office assistant. Lastly, by jurisdictional classification appeal, petitioner asserted that her position as senior office assistant should be placed in a jurisdictional class other than the competitive class.

Each of petitioner's first-step appeals was denied by the CAJ. Petitioner's evaluation appeal was rejected by determination dated June 30, 1983, in which the CAJ found that the duties and responsibilities she performed were described by the title standard for senior office assistant and that she was, therefore, correctly reclassified to that title. In a determination dated August 11, 1983, the CAJ similarly denied petitioner's allocation appeal, holding that her title of senior office assistant was allocated to salary grade JG-8 "on the basis of internal comparisons with other office clerical titles", and that it was designed to "reflect the differences in experience and knowledge required of the incumbent, and to provide an appropriate promotional differential from subordinate level titles".

Petitioner's jurisdictional classification appeal was also denied by the CAJ, who observed that, under article V, § 6 of the NY Constitution, "titles for which it is practicable to hold a competitive examination must be placed in the competitive jurisdictional class", and concluded that "[s]ince it is practicable to hold a competitive examination for Senior Office Assistant, that title was properly placed in the competitive class."

Upon petitioner's appeal of all three determinations to the

CRB, the appeals were consolidated into one proceeding. However, petitioner pressed solely her evaluation appeal, and did not advance separate arguments to support her allocation and jurisdictional classification appeals. She urged that her various duties and responsibilities warranted the reclassification of her job to that of deputy chief clerk I (JG-17) or, alternatively, to court assistant (JG-16).

In dismissing petitioner's appeal, the CRB held that the Greene County Family Court did not meet the criteria established by the CAJ which would entitle it to have a deputy chief clerk I. Such criteria concerned the size of the judicial and nonjudicial staff of the court, as well as the volume of its filings. Upon applying these criteria, the CRB concluded that "the relatively small size of this Family Court in several different respects provides a rational basis for not authorizing the assignment of a Deputy Chief Clerk I".

With regard to petitioner's alternative request for reclassification to court assistant, the CRB acknowledged that she performed some of the same functions as court assistants, but noted that she shared these responsibilities with the court's other nonjudicial employee, who was her supervisor, and held that "[i]n a two-person office, only one should receive credit for this responsibility and this must logically be the one in charge." The CRB then went on to state, in dictum, that while "a review by the Chief Administrator *could* conclude some other title *might* be more appropriate for the specific circumstances of [petitioner's] assignment * * * classification to either of the titles requested by appellant in this appeal would be improper" (emphasis added).

In that portion of the judgment not appealed herein, the IAS court held that there was a rational basis for the CRB's determination that petitioner was not entitled to be reclassified to either deputy chief clerk I (JG-17) or court assistant (JG-16). However, since the CRB had, albeit in dictum, alluded to the possibility that another title might be found to be more appropriate for petitioner, the IAS court granted the petition to the extent of remanding the matter to determine whether there are any intermediate titles to which petitioner should have been reclassified. Respondents appeal this limited grant of the petition. We reverse.

In *Cove v Sise* (124 AD2d 486, *affd* 71 NY2d 910), which involved two article 78 proceedings brought to challenge CRB determinations upholding the classification of the court officer title, the IAS court held that the determinations were ration-

ally based, but remanded the matters for further proceedings because the CRB had suggested that the titles of court officer and senior court officer be reviewed for consolidation in the future. This court reversed, stating that "the primary relevant consideration on appeal is whether the Board's decision to uphold the classification and allocation plan was rationally based", and that once it was established as such, the petitions should have been dismissed. *(Supra,* at 487.) In affirming, the Court of Appeals reiterated that "[a]dministrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (71 NY2d 910, 912, *supra).*

The case at bar presents strikingly similar circumstances. The IAS court has concluded, and we agree, that the CRB's determination is rationally based. Having done so, it was error to have nevertheless remanded for further proceedings.

Accordingly, the judgment is reversed to the extent appealed from, and the petition is dismissed in its entirety. Concur—Sullivan, J. P., Asch, Kassal and Smith, JJ.