■ In the Matter of FREDERICK STEIN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission and the County of Nassau, dated July 18, 1988, which reclassified the petitioner's position from Programmer Analyst IV to Programmer Analyst I, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Collins, J.), entered January 25, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Administrative determinations concerning classification of positions are subject to limited judicial review and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis (see, Cove v Sise, 71 NY2d 910, 912; Matter of Dillon v Nassau County Civ. Serv. Commn., 43 NY2d 574, 580). Here, the County explained that due to the changing nature of data processing, a restructuring of the Division of Data Processing in which the petitioner worked was necessary. The County proffered evidence that the reclassification was based upon an extensive study of that Division which included questionnaires completed by the employees, organizational charts and work audits. Moreover, the County established that the petitioner was treated equally with his peers. Each Programmer Analyst IV in the Applications Development section was reclassified to the position of Programmer Analyst I. It should be noted that the petitioner's salary and grade level remained intact after the reclassification.

In light of the County's explanation of the process by which it reclassified the entire Data Processing Division, we find that a rational basis exists for the reclassification of the petitioner's position from Programmer Analyst IV to Programmer Analyst I (see, Cove v Sise, supra; Matter of Dillon v Nassau County Civ. Serv. Commn., supra). While the petitioner contends that he has more experience than other employees in his reclassified position, he fails to demonstrate that the

reclassification was arbitrary and capricious or erroneous as a matter of law (see, Matter of Hansen v Schneider, 141 AD2d 823, 824; Matter of Grossman v Rankin, 43 NY2d 493). Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.