■ In the Matter of NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNSEL 82, AFL-CIO, et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents. [623 NYS2d 376] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Peters, J.), entered September 28, 1993 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Civil Service Commission denying petitioners' request for a reallocation of salary grades for certain civil service titles.

In April 1990 petitioners submitted an application to the Division of Classification and Compensation (hereinafter the Division) of respondent State Civil Service Commission *(see,* Civil Service Law § 120) for salary grade reallocations for the titles of Capital Police Officer, from grade 12 to grade 14, and Capital Police Sergeant, from grade 15 to grade 17. Following an informal hearing and submissions, the Division denied petitioners' application. An appeal to the Commission followed. After a second informal hearing and the submission of additional information, the Commission dismissed petitioners' appeal. Supreme Court confirmed the determination and this appeal ensued.

Petitioners argue that the Commission's determination to deny reallocation of salary grades sought was arbitrary and capricious and seek a remittal to the Commission with a directive that the Commission supply empirical data to sustain its determination. "Administrative determinations concerning classification of positions are subject to limited judicial

review and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" *(Matter of Stein v Nassau County Civ. Serv. Commn.,* 176 AD2d 739 [citations omitted]). The burden of proof in a proceeding to review a determination of the Commission, made after an informal hearing and upon documentation, is on the petitioners, who must establish that there is no rational basis in the record to support the Commission's determination *(see, e.g., Cove v Sise,* 71 NY2d 910, 912; *Matter of Condell v Jorling,* 151 AD2d 88, 92). Here, petitioners urge that various changes in the job responsibilities and complexity of the work performed by Capital Police Sergeants, as well as changes in the educational and training requirements for the position, warranted the reallocation.

The rationale of respondents' determination was to the effect that changes in training which Capital Police undergo are attributable to changes over time, resulting from changes in technology and working environments, and that neither justified a reallocation of salary grades. The Commission accepted the rationale of its Director of Classification and Compensation, who concluded that the basic duties of the Capital Police Officers are limited to general criminal, traffic and administrative law enforcement, and the protection of persons and property in and around State facilities, and that those of Capital Police Sergeants are limited to shift supervisors. It was noted that this was the concept held of these classes when the current salary grade allocations were first made in 1971. It also concluded that the nature of the work could not be compared to a typical urban police force, to Environmental Conservation Officers, grade 14, or Traffic and Park Officers, grade 14, because their greater job complexities and hazards distinguished their higher job classification, but rather was comparable to Campus Public Security Officers, grade 12, and Safety Security Officers, grade 12.

The Commission also found no evidence that the current allocation to grade 12 disadvantaged the State in the local labor market. We hold that petitioners have failed to meet their burden of proving the lack of a rational basis in the record for respondents' determination.

We decline as well to act on petitioners' argument that this matter should be remitted to the Commission with orders to come forward with empirical data to sustain its determination. No authority supports shifting the burden of proof in a proceeding pursuant to CPLR article 78 to annul a determination of the Commission in regard to salary grade reallocation.

Petitioners' reliance on *Matter of Condell v Jorling* (151 AD2d 88, *supra)* is inapposite.

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.