■ In the Matter of GALE E. LOPEZ et al., Appellants, v UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK et al., Respondents. [638 NYS2d 432] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about November 17, 1994, which denied petitioners' application pursuant to CPLR article 78 to annul respondents' determination denying petitioners' requests for reclassification to the title of Senior

Appellate Law Stenographer, and dismissed the petition, unanimously affirmed, without costs.

"Administrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in absence of a showing that they are wholly arbitrary or without any rational basis." (*Cove v Sise*, 71 NY2d 910, 912.) Petitioners work in the Grievance Committee of the Second Department, under the titles of "Law Stenographer" or "Secretary". The title standard for Appellate Law Stenographers, to which petitioners seek reclassification, defines such persons as responsible for providing legal stenographic and typing services "to groups of appellate law assistants, Associate Justices, and administrative personnel located in an Appellate Division or Appellate Term of the Supreme Court". Limiting review, as petitioners would, to respondent's finding that petitioners are not "located" in an Appellate Division, we uphold such as rationally based on the premise that the primary work of appellate courts is to adjudicate appeals, and that the title standard is limited to personnel so engaged, in distinction to those employed by the Grievance Committees which are administrative adjuncts of the Appellate Divisions (Judiciary Law § 90 [2]), not so engaged. Concur—Sullivan, J. P., Ellerin, Rubin and Kupferman, JJ.