■ In the Matter of GERALD VALLE, Appellant, v EDMUND BUSCEMI et al., Respondents. [649 NYS2d 797] —In a proceeding pursuant to CPLR article 78 to review a determination by the respondents, which denied the petitioner reinstatement to his former position in the City of Long Beach Police Department, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered June 29, 1995, which, *inter alia,* granted the respondents' cross motion to dismiss the proceeding.

Ordered that the judgment is affirmed, with costs.

Prior to his appointment in 1989 to the position of Police Commissioner for the City of Long Beach, the petitioner was a lieutenant in the same police department. After serving as Police Commissioner for five years, the petitioner advised the respondent city manager that he would retire as Police Commissioner on January 31, 1995 and that he intended to resume his civil service position as a lieutenant in the police department. The respondent city manager advised the petitioner that reinstatement to his former position was discretionary, and was, in fact, denied. The petitioner commenced this CPLR article 78 proceeding claiming, *inter alia,* that the determination to deny him reinstatement to his civil service position was arbitrary and capricious.

Where there is a rational basis for an administrative determination it will not be set aside as arbitrary and capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Colton v Berman,* 21 NY2d 322, 329). In the instant case we conclude that the Supreme Court properly dismissed the proceeding. Both the city's Civil Service Commission rules and an opinion on this claim issued by the State Department of Civil Service provide a rational basis for the determination that the petitioner's reinstatement was within the discretion of the appointing authority, here, the respondent city manager, and we cannot say on this record that the denial of reinstatement was either arbitrary, capricious, or an abuse of that discretion.

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.