■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [730 NYS2d 573] —Rose, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 8, 2000 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, review a determination of respondent State University of New York categorizing a job as an unclassified service position.

Respondent State University of New York (hereinafter SUNY) posted an employment vacancy for the position of "staff assistant" in its Mail Services Department. The position had been previously certified by SUNY's Chancellor as being in the unclassified professional service (*see*, Education Law § 355-a; Civil Service Law § 35 [h]). Petitioner commenced this combined proceeding and action contending, *inter alia*, that the duties of the position are not professional and, therefore, respondents' designation of the position as unclassified was arbitrary and capricious. Supreme Court found a rational basis for respondents' designation, however, and dismissed the petition. Petitioner now appeals on this point alone, and we affirm.

"Administrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912 [citations omitted]; *see, Matter of Steen v Governor's Off. of Empl. Relations*, 271 AD2d 738, 739). The burden falls upon the petitioner to demonstrate that the determination is either arbitrary, capricious or afflicted with an error of law (*see, Matter of Grossman v Rankin*, 43 NY2d 493,

502; *Matter of Civil Serv. Empls. Assn. v State Univ. of N. Y.*, 280 AD2d 832, 833).

Our review of the record discloses that the "staff assistant" job requires the performance of significant managerial functions and responsibilities befitting the statutory description of an unclassified professional position that, in addition to the profession of teaching, is "required to carry on the work of the state university and of the * * * facilities and institutions comprising it" (Education Law § 355-a [3] [a]). According to the "Position Description" issued by SUNY for prospective job applicants, the individual who holds the "staff assistant" position must have both a Bachelor's degree and three years of experience in administrative support. The position itself involves acting as the "lead administrative manager" for the Mail Services Department, an operation that receives 5,000,000 pieces of incoming mail and 2,000,000 pieces of outgoing mail per year. Among the position's various responsibilities are the duties of creating procedures and training manuals, designing and maintaining the Mail Services' website, managing its computer databases, training and supervising personnel and the performance of numerous accounting functions. Accordingly, we agree with Supreme Court that a rational basis can be found for including the position in the unclassified professional service.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.