■ In the Matter of C.S.E.A. et al., Respondents, v COUNTY OF DUTCHESS, Appellant. [775 NYS2d 539]—

In a proceeding pursuant to CPLR article 78 to review a determination of the County of Dutchess dated September 23, 2002, reclassifying the job title duties for Social Welfare Worker II employees, and to enjoin the County of Dutchess from requiring those employees to perform out-of-title work, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated May 9, 2003, which granted the petition.

Ordered that the judgment is affirmed, with costs.

A reviewing court may not disturb an administrative determination "unless there is no rational basis for the exercise of discretion or the action complained of is 'arbitrary and capricious' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]; *see Matter of Colton v Berman,* 21 NY2d 322, 329 [1967]; *Matter of Valle v Buscemi,* 233 AD2d 334 [1996]). Contrary to the appellant's contention, its determination to reclassify the job title duties of the position of Social Welfare Workers II was arbitrary and capricious as the reclassification was not based upon an investigation and was in violation of the rules of the Classified Service of Dutchess County, Personnel Policy Manual Rule XXII. Furthermore, the reclassification was an improper attempt to validate out-of-title work that was previously imposed upon Social Welfare Worker II employees (*see Niebling v Wagner,* 12 NY2d 314, 319 [1963]; *Matter of Mandle v Brown,* 4 AD2d 283, 286 [1957], *affd* 5 NY2d 51 [1958]).

The appellants' remaining contentions are without merit. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.