■ In the Matter of the Claim of Douglas Horton, Appellant, v Akzo Nobel Salt et al., Respondents. Workers' Compensation Board, Respondent. [825 NYS2d 301]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 14, 2005, which assessed penalties against the employer's workers' compensation carrier for late payments of workers' compensation benefits.

Claimant sustained work-related injuries in 1996 and he was awarded workers' compensation benefits. In 2004, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that the employer and its workers' compensation carrier made six late payments to claimant, for a total of $780. Applying Workers' Compensation Law § 25 (1) (e), the WCLJ also assessed a penalty against the carrier and employer in the amount of 20% of the total amount of late payments, plus six additional assessments of $300 for each of the late payments, for a total penalty of $1,956. Upon the carrier's and employer's appeal, the Workers' Compensation Board reversed. The Board agreed that the carrier and employer made six late payments to claimant in the

amount of $780, but reduced the total penalty to $456, which included only one additional assessment of $300. Claimant now appeals, challenging the Board's interpretation of Workers' Compensation Law § 25 (1) (e) and its imposition of a single $300 assessment.

The statute provides, in relevant part: "If the employer or insurance carrier shall fail to pay any installments of compensation within twenty-five days after the same become due, there shall be paid by the employer or, if insured, its insurance carrier, an additional amount of twenty percent of the compensation then due which shall accrue for the benefit of the injured worker or his or her dependents . . . . The employer in each such instance shall also be assessed the sum of three hundred dollars, which shall be paid to the claimant" (Workers' Compensation Law § 25 [1] [e]). Upon our review, we cannot say that the imposition of a single assessment of $300 for "each such instance" when the Board determines that 20% "of the compensation then due" is owing or, said differently, for each time Workers' Compensation Law § 25 (1) (e) is applied, is an irrational interpretation of the statute. However, claimant points out that the Board has previously interpreted the statute differently and made a contrary determination in *Achieve Rehab & Nursing* (2006 WL 196524, 2006 NY Wrk Comp LEXIS 83 [WCB No. 9040 1642, Jan. 4, 2006]) and *Delphi* (2004 NY Wrk Comp LEXIS 7156 [WCB No. 7030 0778, Feb. 3, 2004]), cases with facts that appear to be indistinguishable in any significant respect from those present here. "[A]bsent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518 [1985]; *see Matter of Martin [Troy Publ. Co.—Roberts]*, 70 NY2d 679, 681 [1987]; *Matter of De La Concha v Fordham Univ.*, 292 AD2d 662, 664 [2002]). Here, the Board failed to explain its departure from the above-cited decisions or otherwise reconcile them with its current and other contrary decisions (*see e.g. Nalge Nunc Intl. Corp.*, 2005 WL 1536065 [WCB No. 7030 2568, June 20, 2005]).

Cardona, P.J., Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.