■ In the Matter of ANDREW S. CRISCOLO et al., Appellants, v NICHOLAS J. VAGIANELIS, as Director of the Division of Classification and Compensation of the Department of Civil Service, et al., Respondents. [856 NYS2d 265]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 21, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Civil Service reclassifying certain civil service job titles.

Petitioners are challenging the classification standards issued in October 2006 by respondents which revised their civil service job titles within the Department of Correctional Services (hereinafter DOCS) to include a duty to conduct tier III inmate disciplinary hearings (*see generally* 7 NYCRR part 254). The job titles affected (which range in grade from 19 to 21) are educa-

tion supervisor, plant superintendent and assistant industrial superintendent. By way of background, in the late 1990s disputes arose as to whether employees in these three titles (as well as others) could be required to conduct tier III hearings. We previously held that this was out-of-title work for senior correction counselors (*see Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725 [2001]). Grievances filed by employees in the three job titles implicated in this proceeding resulted in respondent Division of Classification and Compensation (hereinafter the Division)[1] determining in August 2006 that under the classification standards then in effect it was not appropriate for employees in these titles to conduct tier III hearings. However, while the grievances were pending, the Division concluded that the job titles were in need of updating. After considerable study and analysis, the Division proposed various changes to the job titles including, as disputed here, occasionally conducting tier III hearings.[2] After informal efforts by petitioners (represented by the Public Employees Federation) to have the additional duty removed were unsuccessful, petitioners commenced this proceeding asserting, among other things, that having them conduct any tier III hearings was inappropriate to and conflicted with the duties of their civil service titles. Supreme Court rejected these assertions and dismissed the petition. This appeal ensued.

The Division is vested with the statutory authority to revise classification standards (*see* Civil Service Law § 118; *Matter of Benson v Cuevas*, 272 AD2d 764, 766 [2000], *lv denied* 95 NY2d 760 [2000]). Judicial review of the Division's determinations is limited, and those determinations "will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912 [1988]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v State Univ. of N.Y.*, 286 AD2d 850, 850 [2001]). The evolving dynamics of the workplace will result in occasional revisions of the duties of job titles (*cf. Matter of Loehr v Governor's Off. of Empl. Relations*, 3 AD3d 653, 654 [2004]). However, a revision

---

1. The grievances were filed with the Governor's Office of Employee Relations (hereinafter GOER) and, pursuant to the terms of the collective bargaining agreement, were forwarded to the Division for review and opinion. The Division's determination was adopted in total by GOER.

2. The Division further provided that, in light of GOER's determinations in earlier grievance appeals, participation of employees in the relevant job titles in tier III hearings would be limited to those employees who had received specific training, they would be involved in only hearings that were not complex, and conducting the hearings could not become a predominant duty for them.

or reclassification that runs counter to the purposes and protections of the civil service system will not be upheld (*see Matter of Gavigan v McCoy*, 37 NY2d 548, 552 [1975]; *Matter of Niebling v Wagner*, 12 NY2d 314, 319-320 [1963]; *Matter of C.S.E.A. v County of Dutchess*, 6 AD3d 701, 702 [2004]).

Here, the record reflects that the Division engaged in an extensive review of the nature and types of hearings conducted by various other state agencies. Hearings that are conducted by attorneys were compared to those conducted by nonattorneys, and the salary grades and general duties of employees conducting the various hearings were considered. The nature of tier III hearings was analyzed and determined to be, for the most part, not as complex or formal as many hearings in other agencies. The generally standardized nature of the tier III hearings together with procedural safeguards that are in place provided a basis for concluding that the hearings could be—and in the past had been—fairly and competently conducted by nonattorneys.[3] The Division identified and set forth the knowledge, skills and abilities necessary for a nonattorney to conduct a tier III hearing. In considering the classification standards of the subject DOCS' employees, the Division determined that the existing standards were outdated. The proposed new standards set forth many changes, including requiring the employees to occasionally conduct tier III hearings. Constrained by the highly deferential standard of review that we must accord to the Division's determinations (*see Cove v Sise*, 71 NY2d at 912; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v State Univ. of N.Y.*, 280 AD2d 832, 833 [2001]), we are unpersuaded that the Division's classification determinations, which the record reflects as being undergirded by comprehensive study and analysis, can be characterized as wholly arbitrary or without any rational basis.

The Division's determinations as to the three titles in dispute do not run contrary to *Matter of Woodward v Governor's Off. of Empl. Relations* (279 AD2d at 727), in which we held that adjudicating inmate misbehavior in a tier III hearing could not be considered as a logical extension of the position of a senior correction counselor. Indeed, there is a manifest conflict between the responsibilities of counseling inmates on the one hand and weighing their credibility in hearings that potentially

---

3. "[T]ens of thousands of [t]ier II and [t]ier III hearings [are] held each year in New York" (*People ex rel. Vega v Smith*, 66 NY2d 130, 141 [1985]) and "DOCS . . . has both a need and general obligation to act swiftly" in conducting tier III hearings, which "need only be supported by substantial evidence" (*Matter of Josey v Goord*, 9 NY3d 386, 391 [2007]).

result in punishment on the other hand, and the Division is not now seeking to add tier III hearing responsibilities to senior correction counselors. The job titles involved herein do not present the same type of conflict. Moreover, refining the responsibilities of those titles to include conducting occasional tier III hearings is not so lacking in record support as to be arbitrary.

Mercure, J.P. and Spain, J., concur.

Malone Jr., J. (dissenting). We respectfully dissent. Notwithstanding the limited standard of judicial review to be accorded the determinations of respondent Division of Classification and Compensation (hereinafter the Division) with regard to job reclassifications (*see Cove v Sise,* 71 NY2d 910, 912 [1988]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v State Univ. of N.Y.,* 286 AD2d 850, 850 [2001]), it is well settled that the Division may not utilize reclassification as a means of validating out-of-title work (*see Matter of Gavigan v McCoy,* 37 NY2d 548, 552 [1975]; *Matter of Niebling v Wagner,* 12 NY2d 314, 319 [1963]; *Matter of C.S.E.A. v County of Dutchess,* 6 AD3d 701, 702 [2004]; *Matter of Mandle v Brown,* 4 AD2d 283, 286 [1957], *affd* 5 NY2d 51 [1958]). This appears to be exactly what was done in the case at hand. In response to grievances filed by employees in the job classifications at issue, the Governor's Office of Employee Relations (hereinafter GOER) issued determinations in August 2006 ruling that the duties of conducting tier III disciplinary hearings constituted out-of-title work. Notably, GOER's determinations were based upon the Division's own findings. Two months later, however, the Division reclassified the positions at issue to include the very duties that had previously been found to constitute out-of-title work. Inasmuch as the Division may not do indirectly what it is prohibited from doing directly, we would grant the petition and annul the determination reclassifying the positions at issue.

Peters, J., concurs. Ordered that the judgment is affirmed, without costs.