■ In the Matter of FREDERICK KOPYT et al., Respondents, v GOVERNOR's OFFICE OF EMPLOYEE RELATIONS et al., Appellants. [866 NYS2d 420]—

Carpinello, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered May 29, 2007 in Albany County, which granted petitioners' application, in a proceeding pursuant to

CPLR article 78, to annul five determinations of respondent Governor's Office of Employee Relations partially denying certain out-of-title work grievances.

The controversy over out-of-title work for certain senior correctional employees continues in this proceeding (*see Matter of Criscolo v Vagianelis*, 50 AD3d 1283 [2008]; *Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725 [2001]). Now at issue are out-of-title work grievances filed in 2001 on behalf of petitioners Frederick Kopyt, Theodore Fauss and Tom Hart (hereinafter collectively referred to as petitioners) alleging that each was required to regularly conduct tier III inmate disciplinary hearings in the course of their employment with respondent Department of Correctional Services when they were in the titles of, respectively, plant superintendent, education supervisor and vocational supervisor.[1]

The salary grades for petitioners' particular titles were either a grade 19 or 21.[2] During the time period that each was required to conduct tier III hearings, only employees serving in the title of hearing officer, at a salary grade 25 (or the equivalent salary level of M-1), were authorized to perform this task. Thus, petitioners sought a cease and desist directive and retroactive pay differentials. Petitioners' grievances were denied at the initial stages of the administrative process.

In April 2002, and following this Court's decision in *Matter of Woodward*,[3] the matter proceeded to a "step 3½" appeal whereby respondent Governor's Office of Employee Relations (hereinafter GOER) forwarded the grievances to respondent Division of Classification and Compensation of the New York State Department of Civil Service for review and opinion. Four years later, on August 15, 2006, the Division recommended that the grievances be sustained—because out-of-title work was indeed performed under the classification standards in effect when the grieved work was performed and the grievances filed— but without an award for back pay. With respect to this latter recommendation, the Division found that the grieved duties were commensurate with a salary grade of 18 and, because

---

1. A tier III hearing is the highest level of internal disciplinary hearing in the prison system, addressing the most serious types of inmate misbehavior.

2. While the petition indicates that Kopyt held the title of plant superintendent at a salary grade 22, his affidavit in support of the petition reveals that his salary grade was 21.

3. In *Matter of Woodward v Governor's Off. of Empl. Relations* (*supra*), under virtually identical facts, this Court found senior correctional employee Larry Woodward performed out-of-title work in conducting tier III hearings and remitted the case for a back pay determination. Upon remittal, back pay was awarded to him for his out-of-title work in conducting tier III hearings.

petitioners were all employed in a higher salary grade, no additional compensation was warranted.[4] This recommendation was made notwithstanding an acknowledgment by the Division that no grade 18 position then existed whereby employees such as petitioners were authorized to preside over tier III hearings, whether such hearings were routine or otherwise.[5] Moreover, no attempt was made by the Division to distinguish the recommendation of no monetary award to petitioners in this proceeding with the contrary result in *Matter of Woodward* upon its remittal from this Court.[6] GOER adopted the recommendation in total prompting this CPLR article 78 proceeding. Supreme Court granted the petition finding GOER's determination was arbitrary, capricious and lacking in a rational basis. This appeal ensued. We now affirm.

Civil Service Law § 61 (2) prohibits the assignment of out-of-title work, except in circumstances not being alleged here. Indeed, there is no dispute that petitioners were compelled to perform out-of-title work. The heart of this dispute is GOER's determination to deny them back pay. In so doing, GOER seizes upon a provision of the collective bargaining agreement governing petitioners' employment which prohibits a monetary award for out-of-title work assignments where such "duties are found to be appropriate to a lower salary grade or to the same salary grade as that held by the affected employees." Here respondents argue that after a "comprehensive analysis" of all relevant classifications and duties by the Division (albeit four years after the fact), it was determined that the duties performed by petitioners were appropriate to a lower salary grade and, therefore, under the terms of the collective bargaining agreement, no monetary award was warranted. However, it is undisputed that, during the time period that petitioners were actually performing the out-of-title work by serving as hearing officers in tier III hearings, the only title in the then-existing salary plan that encompassed such duties was that of a hearing officer at a grade

---

**4.** Shortly after the subject grievance decisions were issued, the Division prospectively revised the classification standards to include the duty of conducting tier III hearings within the job titles of certain positions. In *Matter of Criscolo v Vagianelis (supra)*, a divided panel of this Court upheld dismissal of an ensuing proceeding to challenge these revisions. An appeal to the Court of Appeals is pending.

**5.** The Division indicated that "[w]ere [it] to classify a non-attorney and non-supervisory title specifically designed to conduct 'routine' [t]ier [III] [h]earings on a full-time basis, such a title *would be* allocated to the salary [g]rade 18" (emphasis added).

**6.** Under indistinguishable facts, Woodward was compensated for the out-of-title work that he performed at the rate difference between his salary grade 22 and that of an employee allocated to grade M-1.

25. Any subsequent reference or comparison to a grade 18 employee was therefore totally hypothetical. Thus, while the Division's analysis of relevant classifications and duties may have been extensive and, as found by a majority of this Court in *Matter of Criscolo*, sufficient to support a *prospective* reclassification, it could not provide a rational basis for GOER's determination to deny back pay to petitioners. In other words, GOER's attempt to circumvent the back pay award otherwise owed to petitioners by *retroactively* applying a salary grade classification that was *nonexistent* when the out-of-title work was performed and grievances filed is arbitrary and capricious and without a rational basis.

Moreover, it is well settled that " '[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious' " (*Matter of Lantry v State of New York*, 6 NY3d 49, 58 [2005], quoting *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Martin [Troy Publ. Co.—Roberts]*, 70 NY2d 679, 681 [1987]). Notably absent from GOER's determination is any explanation for its departure from the administrative determination following *Matter of Woodward*, which, on virtually identical facts, awarded back pay (*see Matter of Collins v Governor's Off. of Empl. Relations*, 211 AD2d 1001, 1003 [1995]). In the absence of an explanation (*compare Matter of Lantry v State of New York*, 6 NY3d at 58-59; *Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y.*, 75 NY2d 460, 471-472 [1990]), the Division did not satisfy its obligation under *Field Delivery* thereby providing an additional basis upon which we find the determination to be arbitrary and capricious (*see Matter of Collins v Governor's Off. of Empl. Relations*, 211 AD2d at 1003; *see also Matter of Lafayette Stor. & Moving Corp. [Hartnett]*, 77 NY2d 823, 825 [1991]; *Matter of Martin [Troy Publ. Co.—Roberts], supra*; *Matter of Charles A. Field Delivery Serv. [Roberts], supra*; *Matter of Horton v Akzo Nobel Salt*, 34 AD3d 1052, 1053 [2006]).

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.