*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                    520451
_____

In the Matter of MARY LAVERE
    et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

JERRY BOONE, as President of
    the Civil Service Commission,
    et al.,
                    Respondents.
_____

Calendar Date:   May 29, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Lisa M. King, Public Employees Federation, Albany (Edward
J. Aluck of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for respondents.


                    _____


Clark, J.

        Appeal from a judgment of the Supreme Court (McNally Jr.,
J.), entered August 28, 2014 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Civil Service
Commission reclassifying certain civil service job titles.

        In 2011, the Department of Correctional Services and the
Division of Parole merged to create respondent Department of
Corrections and Community Supervision (see L 2011, ch 62, § 1,
part C, § 1, subpart A).  Following the merger, the Department of
Corrections and Community Supervision proposed a title

restructure that, as relevant here, combined the functions and duties of the correction counselor and facility parole officer titles into the newly created offender rehabilitation coordinator title series. Respondent Division of Classification and Compensation of the Department of Civil Service (hereinafter the Division) approved the proposed structure change. The Public Employees Federation, AFL-CIO (hereinafter PEF) objected to the change and, by letter to the Division, requested its rescission; this request was denied. Thereafter, PEF administratively appealed to respondent Civil Service Commission, which confirmed the Division's determination and denied the appeal. Petitioners – the president of PEF, a former correction counselor and a facility parole officer – commenced this CPLR article 78 proceeding asserting, among other things, that the title structure change was arbitrary, capricious, irrational and contrary to law. Following joinder of issue and oral argument, Supreme Court rejected petitioners' arguments and dismissed the petition, prompting this appeal.

Civil Service Law § 118 (2) (a) empowers the director of the Division with the authority to, among other things, "assign uniform titles to positions that are so substantially similar in the essential character and scope of their duties and responsibilities and in the qualification requirements thereof that the same descriptive title may be used to designate them" (see Matter of Criscolo v Vagianelis, 50 AD3d 1283, 1284 [2008], affd 12 NY3d 92 [2009]). As relevant here, a comparison of the correction counselor and facility parole officer titles demonstrates that the essence and scope of each position was to prepare the inmate for successful reintegration into the community. Specifically, the general role of a correction counselor was to meet with inmates to identify their individual needs, direct the inmates to appropriate programs, periodically meet with inmates to discuss their progress, prepare special reports on inmates and facilitate group counseling sessions. Meanwhile, the general role of a facility parole officer was to prepare inmates for release to parole, postrelease supervision, or strict and intensive supervision and treatment by performing social work and rehabilitation counseling, identifying appropriate treatment services for inmates with significant problems and special needs, and advocating on behalf of inmates

needing service.  Both titles required substantially similar minimum qualifications.

Considering the foregoing in the context of our limited standard of review requiring that we affirm a classification determination unless it is arbitrary, capricious or afflicted by an error of law (see Cove v Sise, 71 NY2d 910, 912 [1988]; Matter of Brynien v New York State Dept. of Civ. Serv., 79 AD3d 1501, 1502 [2010]; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v State Univ. of N.Y., 286 AD2d 850, 850 [2001]), we find no reason to disturb Supreme Court's judgment.  More particularly, the substantial overlap in the duties, responsibilities, minimum qualifications and knowledge, skills and abilities of a correction counselor and a facility parole officer and their shared goal of preparing inmates for reintegration into the community provides the rational basis necessary to support the title structure change, "even if there are legitimate grounds for a difference of opinion" (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 35 AD3d 1008, 1009 [2006]; see Matter of Grossman v Rankin, 43 NY2d 493, 505-506 [1977]). Petitioners' remaining contention has been examined and found to be without merit.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court