Matter of Montgomery v New York State Dept. of Corr. & Community Servs. (2021 NY Slip Op 01822)





Matter of Montgomery v New York State Dept. of Corr. & Community Servs.


2021 NY Slip Op 01822


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

531077

[*1]In the Matter of Kerri S. Montgomery et al., Appellants,
v
New York State Department of Corrections and Community Services et al., Respondents.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ. 


Douglas Walter Drazen, Binghamton, for appellants.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Corcoran, J.), entered January 22, 2020 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review respondents' determination creating the position of Correction Sergeant (Spanish Language).
In 2017, respondent Department of Corrections and Community Services (hereinafter DOCCS)[FN1] requested that respondent Department of Civil Service (hereinafter DCS) create a new position, namely that of Correction Sergeant (Spanish Language). DCS created the new position and, in so doing, determined that the duties of the new position were identical in all aspects to those required in the established position of Correction Sergeant, with the additional requirement that applicants for the new position be fluent in Spanish. After the position was created, DCS released an announcement for an examination for Correction Sergeant. This announcement encompassed both positions and provided that all who took the exam would be put on the broader, Correction Sergeant list. It further explained that, in addition to taking the written Correction Sergeant officer test, those applying for the Correction Sergeant (Spanish Language) position would also have to take and pass an additional test demonstrating proficiency in Spanish. The examination was held and the tests were scored and certified by DCS. Thereafter, two separate promotion eligibility lists were established, one for Correction Sergeant and the other for Correction Sergeant (Spanish Language). The lists were and are maintained by DOCCS, and the applicants are ranked by exam score, seniority and, if applicable, veteran credits. Appointments have been made from both lists.
Petitioners are or were correction officers and candidates from the Correction Sergeant promotion list. They commenced this CPLR article 78 proceeding in April 2018, alleging that the creation of the new position was arbitrary, capricious and unlawful, that it violated their state and federal constitutional equal protection and due process rights and that respondents violated the Merit and Fitness Clause of the NY Constitution. Additionally, petitioners sought certification to proceed as a class action. Respondents answered, asserting objections in point of law. Supreme Court dismissed the petition, and petitioners appeal.
Petitioners contend that respondents unlawfully based their decision to create the Correction Sergeant (Spanish Language) title on an impermissible reason, namely, diversification of the DOCCS workforce, and therefore failed to prove a rational basis for creating the new Correction Sergeant (Spanish Language) classification. "Administrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (Cove v Sise, 71 NY2d 910, 912 [1988] [citations omitted[*2]]; see Matter of Criscolo v Vagianelis, 12 NY3d 92, 97 [2009]). We find unavailing petitioners' contention that respondents failed to present evidence of the need for this new position classification.
Although diversity of the workforce may indeed have been one factor,[FN2] the record indicates that DOCCS sought to create the new classification based in large part on the demographics of the facilities. According to DOCCS, approximately 25% of the inmate population is of Hispanic ethnicity. As such, a correction sergeant's ability to speak Spanish significantly enhances his or her communication skills and interaction effectiveness with respect to the Spanish-speaking segment of the inmate population. As examples of when it would be beneficial for a correction sergeant to have proficiency in Spanish, respondents cite to assisting in the de-escalation of encounters with hostile inmates, emergency situations and incidents, providing translation skills in various disciplinary hearings, assisting in facility investigations when Spanish-speaking inmates are involved, and facilitating the visitation process for Spanish-speaking inmates as well as their visitors. A review of the record confirms that there was a rational basis for respondents to conclude that creation of the Correction Sergeant (Spanish Language) position would aid in the maintenance of safe and secure facilities. Thus, petitioners have failed to meet their heavy burden of showing that this determination was arbitrary and capricious or irrational (see Matter of Lavere v Boone, 130 AD3d 1357, 1358-1359 [2015], lv denied 26 NY3d 911 [2015]; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v State Univ. of N.Y., 286 AD2d 850, 850-851 [2001]; Matter of Berkowitz v New York State Civ. Serv. Commn., 150 AD2d 978, 979-980 [1989], lv denied 74 NY2d 610 [1989]).
Petitioners next assert that respondents' actions have violated the Merit and Fitness Clause of the NY Constitution, as candidates from the Correction Sergeant (Spanish Language) list are promoted ahead of candidates from the Correction Sergeant list with higher scores on the promotional exam. "Article V, § 6 of [the NY] Constitution requires that, as far as practicable, the merit and fitness of candidates for appointments and promotions in the civil service be ascertained by competitive examination" (McGowan v Burstein, 71 NY2d 729, 731-732 [1988]). "The merit and fitness requirement was enacted to ensure that competence rather than personal and political influence determine civil service appointments" (Matter of Gallagher v City of New York, 307 AD2d 76, 80 [2003] [citations omitted], lv denied 1 NY3d 503 [2003]).
Petitioners' contention concerning the Merit and Fitness Clause is unsupported by the record. Initially, petitioners conflate two separate lists into one for purposes of their argument. Clearly, if only one list existed and candidates with lower ranks were promoted instead of those with higher ranks, a [*3]presumption of irregularity and violation of the Merit and Fitness Clause would arise. Here, in contrast, there are and always have been two separate lists — one list for all those who took the exam and were thus presumably qualified for the position of Correction Sergeant, and another list for those qualified not only for the position of Correction Sergeant, but also qualified for the position of Correction Sergeant (Spanish Language) because they had demonstrated proficiency in Spanish. The criteria used to rank the candidates for both lists (e.g., test score, seniority, etc.) are the same; however, the lists remain separate and distinct.
Petitioners next argue that their due process rights under the US and NY Constitutions were violated. "Analysis of petitioner[s'] due process claim begins with the identification of the particular property interest affected, if any, and once identified, the determination of what process is due" (Matter of Deas v Levitt, 73 NY2d 525, 531 [1989] [citations omitted], cert denied 493 US 933 [1990]. "'To have a property interest in a benefit, a person . . . must have more than an abstract need or desire for it. [That person] must have more than a unilateral expectation of it. [That person] must, instead, have a legitimate claim of entitlement to it'" (Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d 89, 98 [1997], cert denied 523 US 1074 [1998], quoting Board of Regents of State Colleges v Roth, 408 US 564, 577 [1972]). Petitioners argue that various sections of the Civil Service Law created a constitutionally protected property interest in being promoted to the Correction Sergeant position and that promotion to this position should not be unreasonably delayed or denied. "[A] person successfully passing a competitive [c]ivil [s]ervice examination does not acquire any legally protectable interest in an appointment to the position for which the examination was given, nor thereby gain a vested right to appointment to the position" (Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993] [internal quotation marks and citation omitted], cert denied 511 US 1031 [1994]; see Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle, 37 NY2d 526, 529 [1975]). Therefore, petitioners' contention is meritless.
Additionally, petitioners contend that they have a protectible property interest in their right to an announcement that contains accurate and complete information about the positions and examinations advertised. As to the position, they assert that Correction Sergeant (Spanish Language) candidates forgo the typical mandatory probationary period, skip required training, acquire permanency upon appointment and more easily transferred to other facilities. Petitioners further argue that the examination announcement was inaccurate in that it failed to set forth that there would be two separate eligible promotion lists, that the language proficiency tests would be given via telephone, and [*4]that the proficiency language test could be repeated.
To the extent that they have one at all, petitioners' claimed property interest would arise out of Civil Service Law § 50 (2), which provides that an announcement must "set[] forth the minimum qualifications required, the subjects of the examination, and such other information as [DCS] may deem necessary." The announcement at hand contained all the requisite information. Any other information to be included in the announcement would be at DCS's discretion. Because "property interests do not arise in benefits that are wholly discretionary" (Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d at 98), respondents did not violate petitioners' due process rights on this basis.
Petitioners next contend that respondents violated their equal protection rights by conferring greater benefits on less qualified candidates who are proficient in speaking Spanish. "A violation of equal protection is deemed to occur when a [s]tate agency treats persons similarly situated differently under the law. For equal protection purposes, the appropriate standard for judicial review of a regulation is that it be sustained unless it bears no rational relation to a legitimate government interest" (Matter of Arnold v Constantine, 164 AD2d 203, 206 [1990] [internal quotation marks, ellipsis and citations omitted]). The basis of the classification was proficiency in speaking Spanish, which was required to effectively communicate with the Spanish-speaking inmate population and aid in the efficient and safe operations of DOCCS's facilities. We agree with Supreme Court that the differential treatment of Spanish-speaking and non-Spanish speaking employees was rationally related to a legitimate government interest and did not violate petitioners' equal protection rights under the NY or US Constitution (see Matter of Arnold v Constantine, 164 AD2d at 206).
Petitioners' remaining contentions have been rendered academic.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although this is how DOCCS was named in the petition, DOCCS's correct name is Department of Corrections and Community Supervision.

Footnote 2: We note that diversity in and of itself is not an impermissible consideration (see generally 9 NYCRR 8.187).